**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Sergio FRESNARES–TORRES,**
**Defendant–Appellant.**

**No. 99–30171.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 2, 2000

Filed Oct. 18, 2000

Order Filed Dec. 15, 2000

Miriam Schwartz, Assistant Federal Public Defender, Tacoma, Washington, for the defendant-appellant.

Arlen Storm, Assistant United States Attorney, Tacoma, Washington, for the plaintiff-appellee.

Before: GOODWIN, ALARCON, and McKEOWN, Circuit Judges.

**ORDER AND AMENDED OPINION**

GOODWIN, Circuit Judge:

**ORDER**

The memorandum disposition filed October 18, 2000, is redesignated as an authored opinion by Judge Goodwin, with modifications.

Judge McKeown has voted to deny the petition for rehearing en banc, and Judges Goodwin and Judge Alarcon recommended denial.

The full court has been advised of the petition for rehearing en banc and no active judge has requested a vote on whether to rehear the matter en banc. Fed. R.App. P. 35.

The petition for rehearing en banc is DENIED.

The appellant's request for this court to stay its reconsideration of the appeal pending the Supreme Court's action on a petition for certiorari from a Fifth Circuit case, *Luna–Dominguez v. United States,* Docket No. 00–5204 is DENIED.

**OPINION**

Sergio Fresnares–Torres appeals his conviction for illegal reentry after deportation in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

On or about December 29, 1998, a Special Agent of the Immigration and Naturalization Service encountered Fresnares–Torres at the Pierce County Jail in Tacoma, Washington. Fresnares–Torres was subsequently proven to have been previously deported in July 1994 or 1995 subsequent to his conviction for Conspiracy to Deliver a Controlled Substance. He had no permission from the United States At-

torney General to return to the United States. The district court accepted Fresnares–Torres's plea of guilty to the Information and sentenced him to 46 months' imprisonment, a term that reflects a sentence enhancement in light of Fresnares–Torres's conviction for an aggravated felony prior to deportation. Appellant argues that the fact of his prior conviction is an element of the offense of illegal reentry, and the government's failure to charge this fact in the indictment amounts to reversible error.

The fact of a prior conviction constitutes a penalty factor, and not an element of the offense, under 8 U.S.C. § 1326(b)(2), and therefore need not be charged in the indictment. "Other than the fact of prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, ——-——, 120 S.Ct. 2348, 2362–63, 147 L.Ed.2d 435 (2000). In *Apprendi*, the Supreme Court concluded that "the certainty that procedural safeguards attached to any 'fact' of prior conviction ... mitigated the due process and Sixth Amendment concerns otherwise implicated in allowing a judge to determine a 'fact' increasing punishment beyond the maximum of the statutory range." *Id.* at 2362. Accordingly, a prior conviction is the only factor that increases a penalty beyond the statutory maximum that need not be submitted to a jury. *See also Jones v. United States*, 526 U.S. 227, 248, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999) ("[R]ecidivism increasing the maximum penalty need not be so charged.").

*Apprendi* therefore preserved the specific holding of *Almendarez–Torres v. United States*, 523 U.S. 224, 226, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) that 8 U.S.C. § 1326(b)(2)-the subsection increasing the penalty for previous deportation following conviction of an aggravated felony-was a mere penalty provision for recidivist behavior and did not define a separate offense. Appellant's contention that *Apprendi* cannot be followed without disregarding *Almendarez–Torres* (and vice-versa) is therefore mistaken. *United States v. Pacheco–Zepeda*, 234 F.3d 411 (9th Cir.2000).

There is no dispute that the matter before us concerns the fact of a prior conviction-the defendant's aggravated felony conviction for Conspiracy to Deliver a Controlled Substance. The plain language of the *Apprendi* holding thus makes clear that the government was not required to charge the fact of this conviction in the Information and prove its existence to a jury beyond a reasonable doubt.

There was no error in the sentence enhancement imposed by the district court which was well within the guideline range on the facts of this case.

AFFIRMED.