**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Ricardo SALAS–RIVERA, Defendant—
Appellant.**

No. 00–50683.
D.C. No. CR–00–01270–E.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 8, 2001.

Decided Aug. 17, 2001.

Before HALL, and MICHEL * and TROTT, Circuit Judges.

### MEMORANDUM **

On April 19, 2000, Ricardo Salas–Rivera was charged, in a single count indictment, with being a deported alien found in the

* The Honorable Paul R. Michel, Circuit Judge, United States Court of Appeals for the Federal Circuit, sitting by designation.

United States in violation of 8 U.S.C. § 1326. On July 19, 2000, after a two-day trial, the jury returned a guilty verdict. The trial court imposed a sentence of 57 months in custody, enhancing the maximum two-year sentence otherwise allowable under 8 U.S.C. § 1326 in light of Salas–Rivera's prior conviction for Unlawful Sexual Intercourse with a Minor under Cal.Penal Code § 261.5. On November 13, 2000, Salas–Rivera filed a timely Notice of Appeal. We have jurisdiction under 28 U.S.C. §§ 1291 and 1294(1).

Salas–Rivera contends that his indictment was invalid because it failed to charge a voluntary entry. However, we have held that indictments under § 1326 need not specifically charge a voluntary entry. *United States v. Parga–Rosas*, 238 F.3d 1209, 1213 (9th Cir.2001) ("[W]e have never suggested that the crime of 'entry' must be charged in order to charge the crime of being 'found in.' "). Salas–Rivera acknowledges that *Parga–Rosas* decided an "identical claim" to his own, and calls upon this court to rehear this issue en banc. However, this panel is bound by *Parga–Rosas*, and we decline to urge the court to revisit this case en banc. Accordingly, we hold that the indictment was not invalid.

The trial court refused to give defendant's proposed jury instructions concerning certain elements of the charged crime. Defendant's Proposed Instruction 15(a) recited that the government had to prove beyond a reasonable doubt that Salas–Rivera knew that he was an alien, knew that he had been previously deported, and knew that he reentered the United States lacking permission to do so. Defendant's Proposed Instruction No. 16 recited

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

that the United Stated had to prove beyond a reasonable doubt that the defendant had the specific intent to enter the United States. We hold that the trial court properly refused to give these instructions. Being "found in" the United States in violation of § 1326 is not a specific intent crime. *Pena–Cabanillas v. United States,* 394 F.2d 785, 788–90 (9th Cir. 1968). Nor must the government prove that Salas–Rivera had knowledge that he was an illegal alien, that he had been previously deported, and that he lacked permission to reenter the United States. *See id.* at 790. Although general intent to enter the United States is certainly an element of the crime of being "found in" the United States, the trial court's failure to instruct the jury as to this element of the crime constituted, at most, harmless error, as Salas–Rivera made no allegation, and nor did the government's evidence reveal, that his return was involuntary. *See United States v. Quintana–Torres,* 235 F.3d 1197, 1200 (9th Cir.2000).

■ Salas–Rivera argues that under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), he has a Sixth Amendment right to a jury determination of the fact of his prior conviction. We disagree. Under the express limitation of *Apprendi,* the fact of a prior conviction need not be determined by a jury. *Id.* at 490, 120 S.Ct. 2348. Moreover, under *Almendarez–Torres v. United States,* 523 U.S. 224, 226, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the aggravated felony provision of § 1326(b)(2) is not a separate criminal offense but, instead, is only a sentencing enhancement for a violation of 8 U.S.C. § 1326(a) and therefore need not be separately charged. Salas–Rivera's constitutional challenges to § 1326 also fail, as we held in *United States v. Fresnares–Torres,* 235 F.3d 481, 482 (9th Cir.2000), that sentencing under § 1326 comports with *Apprendi.*

■ Finally, Salas–Rivera contends that the trial court erred in enhancing his sentence under § 1326(b)(2) in light of his prior conviction under Cal.Penal Code § 261.5 for Unlawful Sexual Intercourse with a Minor. Under 8 U.S.C. § 1326(b)(2), a sentence enhancement is only proper when the defendant was previously convicted of an "aggravated felony." To determine whether Salas–Rivera's prior conviction constitutes an aggravated felony, courts initially must apply a "categorical" approach, and "look only to the fact of conviction and the statutory definition of the prior offense." *United States v. Rivera–Sanchez,* 247 F.3d 905, 907 (9th Cir. 2001) (en banc) (citing *Taylor v. United States,* 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)). Importantly, guilt under Cal.Penal Code § 261.5(c) does not necessarily entail a felony conviction. Rather, a person convicted under this statute may be found guilty of either a misdemeanor or a felony. By its very wording then, a person found guilty under § 261.5 has not necessarily and categorically been convicted of any felony, much less an aggravated felony. Thus, under the categorical approach, it cannot be said that Salas Rivera's prior conviction constitutes an "aggravated felony."

*Taylor* also permits courts "to go beyond the mere fact of conviction in a narrow range of cases." *Rivera–Sanchez,* 247 F.3d at 907 (citing *Taylor,* 495 U.S. at 602, 110 S.Ct. 2143). When a statute "reaches both conduct that would constitute [an aggravated felony] and conduct that would not," *id.* (citing *Ye v. INS,* 214 F.3d 1128, 1133 (9th Cir.2000), we have interpreted *Taylor*'s edict to include examination of "documentation or judicially noticeable facts that clearly establish that the conviction is a predicate conviction for enhancement purposes[,] such as the indictment, the judgment of conviction, jury instructions, a signed guilty plea, or the tran-

script from the plea proceedings)," *id.* (citing *United States v. Casarez–Bravo*, 181 F.3d 1074, 1077 (9th Cir.1999)). If such judicially noticeable facts establish that Salas–Rivera's prior conviction for Unlawful Sexual Intercourse with a Minor necessarily constitutes an aggravated felony, then Salas–Rivera's sentence enhancement may be reinstated. Sex with a minor under 14 years of age would constitute "sexual abuse of a minor" regardless of any consent. *United States v. Baron–Medina*, 187 F.3d 1144, 1146 (9th Cir.1999). Although at argument the government relied on the probation officer's report to establish that the minor girl here was only 13, this report sources a police report, which does not fit within the category of documents recited in *Rivera–Sanchez*. Accordingly, we vacate the sentence imposed on Salas–Rivera and remand for the district court to conduct a second-stage *Taylor* analysis of the judicially noticeable facts in the existing record and any state court documents that may be obtained and to resentence Salas–Rivera. His conviction is affirmed.

AFFIRMED-in-part, VACATED-in-part, and REMANDED.