UNITED STATES of America,
Plaintiff–Appellee,

v.

Alejandro MARTINEZ–MARTINEZ,
Defendant–Appellant.

No. 01–10294.

United States Court of Appeals,
Ninth Circuit.

Submitted May 14, 2002.*

Filed July 15, 2002.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Larry Kupers, Assistant Federal Public Defender, Oakland, CA, for the defendant-appellant.

Candace Kelly, Assistant United States* Attorney, San Francisco, CA, for the plaintiff-appellee.

Before: HAWKINS and SILVERMAN, Circuit Judges, and RESTANI, Judge.**

## OPINION

RESTANI, Judge.

Alejandro Martinez–Martinez (hereinafter "Defendant") appeals the fifty-three (53) month sentence imposed following his conviction for reentry of a deported alien pursuant to 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

## BACKGROUND

Defendant is a citizen of Mexico. In 1995, he was convicted of first degree rape in Oregon. *State of Oregon v. Jaime Alejandro Martinez–Martinez*, Case No. 94C21174, Marion County Circuit Court (March 9, 1995). Defendant was subsequently deported to Mexico. He reentered the country without authorization. On January 26, 1999, Defendant was identified by the Immigration and Naturalization Service and later charged with illegal reentry pursuant to 8 U.S.C. § 1326(b) (illegal reentry following deportation for committing an aggravated felony).

Defendant filed a pretrial motion to dismiss, arguing that § 1326 is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In addition, Defendant requested that the court disregard the 1995 Oregon conviction because Defendant alleged that he was a minor at the time of the offense and, therefore, the convicting Oregon court lacked jurisdiction.[1] Both motions were denied.

On January 31, 2001, Defendant waived his right to a jury trial. At the bench trial, Defendant stipulated that he was not a citizen of the United States and that he reentered the United States without the permission of the Attorney General. The government submitted a certified copy of Defendant's Oregon conviction as proof of

---

** Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

1. At the time of the offense, Oregon's juvenile courts had exclusive jurisdiction over cases involving persons under the age of eighteen (18). Or.Rev.Stat. § 419C.005 (1993). Defendant presented evidence that, at the time of the offense, Defendant was sixteen (16) years old although he claimed to be twenty (20) when arrested. In support of a motion to transfer the case to juvenile court, Defendant submitted, among other things, a birth certificate and report card indicating that Defendant was a minor. The Oregon court found the evidence not credible and denied Defendant's motion. Defendant did not appeal, timely or otherwise, and did not seek federal or state habeas relief.

Defendant's prior aggravated felony conviction. Based upon the stipulated facts and evidence of Defendant's prior conviction, the district court found Defendant guilty.

At sentencing, Defendant moved for a downward departure on the ground that the Oregon court lacked jurisdiction because he was a minor at the time of the offense.[2] The district court denied the motion finding that it was tantamount to a collateral attack on his prior conviction. Defendant was sentenced to 53 months.[3]

Martinez appeals the sentence on the ground that 8 U.S.C. § 1326 violates the Due Process Clause because § 1326(b) increases punishment beyond the two-year maximum based upon a prior conviction. Martinez alternatively appeals the district court's finding that it lacked the authority to grant Defendant's motion for a downward departure.

## STANDARD OF REVIEW

 The constitutionality of a federal statute is an issue of law and, therefore, reviewed *de novo*. *United States v. Turner*, 926 F.2d 883, 887 (9th Cir.1991). Whether a particular factor is a permissible basis for a departure is also an issue of law and, therefore, reviewed *de novo*. *United States v. Lipman*, 133 F.3d 726, 729 (9th Cir.1998); *see also United States v. Montano*, 250 F.3d 709, 712 (9th Cir. 2001) (stating that a district court's interpretation of the guidelines is a legal issue subject to *de novo* review).

2. Defendant had also moved for downward departures on grounds that: (1) he offered to stipulate to deportation; and (2) he lost the opportunity to serve concurrent time due to government's delay in prosecuting his case. The district court granted only the latter.

3. The district court found that Defendant's guideline range was 70–87 months based on

## DISCUSSION

### I. Constitutionality of 8 U.S.C. § 1326

 Defendant argues that 8 U.S.C. § 1326 is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the statutory maximum can be increased based upon enhancement facts that do not give rise to the Due Process protections applicable to offense elements. Section 1326 prohibits illegal reentry into the United States. Section 1326(a) enumerates the elements of illegal entry and imposes a two-year maximum sentence. Section 1326(b) provides enhanced sentences of up to twenty years for aliens who were deported previously following aggravated felony convictions. *Almendarez–Torres v. United States*, 523 U.S. 224, 238, 247, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (finding that § 1326(b) sentencing is an enhancement of the offense outlined in § 1326(a)). Defendant's argument is foreclosed by our decision in *United States v. Pacheco–Zepeda*, where we held that *Apprendi* had "unmistakably carved out an exception for 'prior convictions.'" 234 F.3d 411, 414 (9th Cir.), *cert. denied*, 532 U.S. 966, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001); *see also United States v. Fresnares–Torres*, 235 F.3d 481, 482 (9th Cir.2000), *cert. denied*, 532 U.S. 966, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001) (same).[4]

### II. Collateral Attack on Prior Conviction

 Defendant next argues that the district court erred when it concluded that it

an adjusted offense level of 21 and a criminal history category of V. The court granted a downward departure for prosecutorial delays.

4. Defendant's request for an initial hearing *en banc* fails to comply with the technical requirements of Fed. R.App. P. 35.

did not have discretion to award a downward departure based upon questions surrounding his 1995 conviction. Defendant claims that he was a minor at the time of the prior offense and, therefore, the Oregon court did not have jurisdiction to convict him.[5] Defendant claims that the Oregon court disregarded evidence that he was a minor at the time of the offense. Defendant argues that, because the Oregon conviction was erroneous, the district court had discretion to depart downward for an offense based upon that conviction.

■ As an initial matter, we note that Defendant did not appeal the Oregon conviction or seek habeas relief.[6]

> If ... a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse. The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255.

*Daniels v. United States*, 532 U.S. 374, 383, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001), *affirming* 195 F.3d 501 (9th Cir.

1999). Because Defendant did not appeal, a conclusive presumption of validity attaches to the 1995 Oregon conviction.

■ Collateral attacks at sentencing on prior state court convictions are prohibited. *Custis v. United States*, 511 U.S. 485, 490–97, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994); *see also United States v. Gutierrez–Cervantez*, 132 F.3d 460, 462 (9th Cir. 1997) (holding that a defendant could not collaterally challenge a prior conviction for an aggravated felony in a § 1326 sentencing proceeding); *Daniels*, 532 U.S. at 384, 121 S.Ct. 1578 (holding that a defendant may not challenge a sentence in a 28 U.S.C. § 2255 proceeding by collaterally attacking the validity of an earlier conviction). Defendant argues that *Custis* and *Daniels* are not controlling because the Court did not specifically address collateral attacks in the context of downward departures.

In *Custis*, the defendant was charged with federal drug and firearm offenses. After Custis was convicted, the prosecution sought to enhance his sentence under the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(1) ("ACCA"),[7] based upon three prior state felony convictions. At sentencing, Custis challenged the use of two of the prior convictions in the enhancement proceeding on the grounds that the

---

5. At the time of Defendant's prosecution, Oregon's juvenile court had exclusive jurisdiction over criminal cases involving a person under 18 years of age. *See* Or.Rev.Stat. § 419C.005 (1993).

6. Under Or.Rev.Stat. § 138.510, Defendant was required to appeal that conviction within two years. Defendant did not appeal. Defendant was barred from seeking state habeas relief because he did not properly appeal the conviction. *Sager v. Board of Parole*, 121 Or. App. 607, 856 P.2d 329, 332 (Or.App.1993) ("the remedy of habeas corpus is not available to parties who neglect to seek appellate review of the challenged decision."). Federal

habeas relief for the state conviction was unavailable under 28 U.S.C. § 2254 because Defendant (1) failed to exhaust all state remedies; and (2) did not file a motion attacking the sentence within one year of the date the judgment of conviction became final. 28 U.S.C. § 2244(d).

7. The ACCA raises the penalty for possession of a firearm by a felon from a maximum of 10 years in prison to a mandatory minimum sentence of 15 years and a maximum of life in prison without parole if the defendant "has three previous convictions ... for a violent felony or a serious drug offense."

convictions were the result of: (1) pleas that were not knowing and intelligent; and (2) ineffective assistance of counsel.

The Supreme Court determined that, except for convictions obtained in violation of the Sixth Amendment right to counsel, neither the ACCA or Constitution allowed a defendant to collaterally attack prior state court convictions. *Custis,* 511 U.S. at 490–97, 114 S.Ct. 1732. The Court reasoned that allowing collateral attacks "would require sentencing courts to rummage through frequently non-existent or difficult to obtain state-court transcripts or records that may date from another era, and may come from any one of the 50 states." *Id.* at 496, 114 S.Ct. 1732. The Court went on to state that permitting defendants to re-argue state convictions for sentencing purposes would interfere with the ease of administration and the interest in finality of judgments, "undermine confidence in the integrity of our procedures," and "inevitably delay and impair the orderly administration of justice." *Id.* at 496–97, 114 S.Ct. 1732.

The Supreme Court extended *Custis* to 28 U.S.C. § 2255 motions attacking sentences in *Daniels.* 532 U.S. at 382, 121 S.Ct. 1578. In *Daniels,* the petitioner argued that *Custis* was limited to challenges at sentencing and, therefore, did not apply to a § 2255 proceeding. *Id.* at 380, 121 S.Ct. 1578. The Court disagreed, finding that the concerns raised in *Custis* regarding ease of administration and interest in promoting the finality of judgments extend to § 2255 petitions. *Id.* at 381–82, 121 S.Ct. 1578.

■ Defendant argues that *Custis* and *Daniels* did not discuss nor decide whether a request for a downward departure at-tacking the validity of a prior conviction is prohibited. Defendant essentially argues that a request for a downward departure is different from challenges to "upward" enhancements discussed in *Custis* (at sentencing) and *Daniels* (in a § 2255 petition). We find this a distinction without meaning. A motion for downward departure based upon a finding that the state court originally lacked jurisdiction in a prior conviction would attack the validity of that conviction in the same way that a challenge to an enhancement on the same grounds would.

Defendant argues that, under *Koon v. United States,* the district court may not categorically exclude as a potential basis for departure any factor that United States Sentencing Guidelines do not specifically proscribe. 518 U.S. 81, 109, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996).[8] Because the Guidelines do not expressly prohibit downward departures based on a prior court's lack of jurisdiction, Defendant argues that the court could not exclude it from consideration. Defendant essentially claims that the unique procedural posture of a downward departure allows him to attack the prior conviction where he otherwise could not. That result is contrary to the principles of *Custis* and *Daniels.* Defendant's request for a downward departure is based upon the legitimacy, not the nature of the conviction. We find that a motion for downward departure on such grounds constitutes a collateral attack prohibited by *Custis* and *Daniels.*

We AFFIRM.

---

8. In *Koon,* the Court was concerned about infringing upon the powers of the United States Sentencing Commission. *Id.* at 106–07, 856 P.2d 329 ("[F]or the courts to con-clude a factor must not be considered under any circumstances would be to transgress the policymaking authority vested in the Commission.").