**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Trinidad MORA–GARCIA, Defendant— Appellant.**

No. 02–50205.

D.C. No. CR–01–02074–IEG.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 31, 2002.*

Decided Dec. 17, 2002.

Before SNEED, SKOPIL and FARRIS, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Trinidad Mora–Garcia appeals his sentence imposed following a guilty plea to illegal re-entry, 8 U.S.C. § 1326. He argues that the district court erred by relying on an invalid prior state conviction and failing to recognize that it had the discretion to depart downward. We reject these arguments and affirm.

## DISCUSSION

### 1. *Prior State Conviction*

Mora–Garcia argues that the district court erred when it refused to permit him to challenge a prior state conviction that increased both his offense level and his criminal history category. Such collateral attacks on prior convictions at sentencing are generally prohibited. *See* U.S.S.G. § 4A1.2, comment. (n.6); *see also Custis v. United States,* 511 U.S. 485, 490–97, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994) (holding that collateral attacks at sentencing are permissible only where the prior conviction was obtained in violation of the right to counsel); *United States v. Martinez–Martinez,* 295 F.3d 1041, 1044–45 (9th Cir. 2002) (applying *Custis* to sentencing guidelines).

■ Mora–Garcia argues, however, that because his challenge to the prior conviction is based upon a state procedural violation, rather than a federal constitutional violation, the result should differ. Mora–Garcia offers no rational explanation for this distinction and it would be anomalous to permit collateral attacks on prior convictions for state procedural violations while precluding federal constitutional challenges to prior convictions. The holding in *Custis* was premised, in part, upon the "ease of administration" and the "interest in promoting the finality of judgments;"

interests which would not be served by carving out an exception for state procedural violations. *Custis,* 511 U.S. at 496–97, 114 S.Ct. 1732.

### 2. *Downward Departure*

■ Mora–Garcia claims that it is unclear whether the district court believed that it had the authority to depart downward. Nothing in the sentencing transcript, however, suggests that the district court believed that it lacked the authority to depart on any of the grounds asserted by Mora–Garcia. Moreover, even when a district court fails to expressly acknowledge that it has the discretion to consider a departure, we have held that such silence is insufficient to support an assumption that the district court did not follow the law. *See United States v. Ladum,* 141 F.3d 1328, 1344 (9th Cir.1998). Accordingly, we affirm the sentence imposed by the district court.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.