UNITED STATES of America, Plaintiff—Appellee,

v.

Ezekiel Orion SCHLICKER, Defendant—Appellant.

No. 02–30414.

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2003.*

Decided Aug. 4, 2003.

Before: LEAVY, HAWKINS, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Ezekiel Orion Schlicker (Schlicker) submitted a negotiated plea agreement to district court and was found guilty of Possession of an Unregistered Firearm in violation of 26 U.S.C. § 5481, and 5481(d). Schlicker argues that the use of two prior state court convictions to enhance his sentence was improper.

We have jurisdiction under 28 U.S.C. § 1291. Whether an appellant waived his right to appeal is reviewed *de novo.* *Unit-*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*ed States v. Littlejohn*, 224 F.3d 960, 964 (9th Cir.2000). In the plea agreement, Schlicker waived his right to appeal. We dismiss the appeal.

At sentencing, the district court informed Schlicker that "[t]o the extent you have not otherwise waived your right to appeal, if you disagree with the Court's judgment, you have ten days in which to appeal." E.R. 42. Schlicker's premise of appealing the use of prior convictions to enhance his sentence is without merit. We have held that "[c]ollateral attacks at sentencing on prior state court convictions are prohibited." *United States v. Martinez–Martinez*, 295 F.3d 1041, 1044 (9th Cir. 2002). Otherwise, Schlicker has waived his right to appeal in the plea agreement. *See United States v. Nunez*, 223 F.3d 956, 959 (9th Cir.2000) (when "waiver of appeal in [his] signed plea agreement is unambiguous . . . we must dismiss [his] appeal.") (internal citations omitted).

**DISMISSED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.