**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Gilberto FLORES–GARCIA,
Defendant—Appellant.**

No. 03–30571.

D.C. No. CR–02–02138–RHW.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 16, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

James P. Hagarty, Esq., Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Anne Walstrom, Esq., K. Elizabeth Dahlstrom, Esq., Federal Defenders of Eastern Washington & Idaho, Yakima, WA, for Defendant–Appellant.

Before REINHARDT, RYMER and HAWKINS, Circuit Judges.

## MEMORANDUM**

Federal prisoner Gilberto Flores–Garcia appeals his 77–month sentence following a guilty plea to being an alien in the United States after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we remand for resentencing.

Flores–Garcia contends that the district court erred in applying a 16–level increase, under U.S.S.G. § 2L1.2(b)(1)(A), for a crime of violence based upon Flores–Garcia's 1999 Washington State conviction for residential burglary. We agree. To determine whether Flores–Garcia's state conviction is a crime of violence, a court must use the categorical (or modified categorical) approach outlined in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). *See United States v. Becker*, 919 F.2d 568, 570 (9th Cir.1990). This court has held that the statute under which Flores–Garcia was convicted—Wash. Rev.Code § 9A.52.025(1)—is not a crime of violence under the categorical approach, as it prohibits both conduct that does and does not qualify as a crime of violence. *See United States v. Wenner*, 351 F.3d 969, 972–73 (9th Cir.2003). Upon review of the record, it appears that the district court, apparently assuming a categorical match, did not assess Flores–Garcia's 1999 conviction under the modified categorical approach.

Flores–Garcia next contends that the district court erred in declining to grant a downward departure based upon mitigating circumstances regarding his burglary conviction. To the extent that Flores–Garcia sought to challenge the legitimacy of his earlier conviction, the district court correctly concluded that this constituted an impermissible collateral attack. *See United States v. Martinez–Martinez*, 295 F.3d 1041, 1045 (9th Cir.2002).

Because Flores–Garcia was sentenced under the then-mandatory Sentencing Guidelines, and we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

that the Guidelines were advisory, we remand to the sentencing court to answer that question, and to proceed pursuant to *United States v. Ameline,* 409 F.3d 1073, 1084 (9th Cir.2005) (en banc). *See United States v. Moreno–Hernandez,* 419 F.3d 906 (9th Cir.2005) (extending *Ameline*'s limited remand procedure to cases involving non-constitutional *Booker* error).

REMANDED.