**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Paul KLEIN, Defendant—Appellant.**

No. 06–10033.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 12, 2007.

Filed April 20, 2007.

Patrick J. Walsh, Esq., USLV–Office of the U.S. Attorney Lloyd George Federal Bldg., Las Vegas, NV, for Plaintiff–Appellee.

David Z. Chesnoff, Esq., Goodman & Chesnoff, Las Vegas, NV, for Defendant–Appellant.

Before: B. FLETCHER, McKEOWN, and BYBEE, Circuit Judges.

## MEMORANDUM *

Appellant Paul Klein ("Appellant") appeals the district court's decision denying his motion to suppress evidence obtained as the result of a warrantless search of his house. The facts and procedural history are familiar to the parties, and we do not repeat them here. Appellant challenges the district court's suppression ruling on two grounds.

First, Appellant argues that the search of his home violated the Fourth Amendment because it was conducted without a warrant. We review such claims de novo, and we also review the district court's "[f]actual findings ... for clear error." *United States v. Manning*, 56 F.3d 1188, 1196 (9th Cir.1995). Applying that standard, we hold that the search of Appellant's home did not run afoul of the Fourth Amendment because, as a condition of his probation, Appellant was subject to a valid warrantless search condition that permitted probation officers to search his home and the probation officers who conducted the search did so based on a "reasonable suspicion that ... [Appellant] [was] engaged in criminal activity." *United States v. Knights*, 534 U.S. 112, 121, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001).[1] The probation officers had reasonable suspicion that Appellant was violating the terms of his probation because they saw a sword in plain view next to his bed, and Appellant was prohibited from possessing dangerous weapons. When one of the probation officers asked Appellant whether he had any other dangerous weapons in the house,

Appellant became evasive and did not respond.

Second, Appellant argues that we should reverse the district court's suppression ruling because he was not given access to probation logs that government witnesses used to refresh their memory before they testified at the hearing on Appellant's suppression motion. We hold that the magistrate judge did not abuse her discretion when she refused to order the production of those logs after she reviewed them *in camera*. *See United States v. Sua*, 307 F.3d 1150, 1152 (9th Cir.2002).

Accordingly, Appellant's conviction is **AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We reject Appellant's attack on the search condition's validity. The totality of the circumstances indicates that he knowingly and voluntarily agreed to that condition and waived any statutory right to a hearing and assistance of counsel before it was imposed.

*See Beckwith v. United States*, 425 U.S. 341, 348, 96 S.Ct. 1612, 48 L.Ed.2d 1 (1976). Moreover, we must also reject Appellant's collateral attack on the validity of his prior sentence. *See Custis v. United States*, 511 U.S. 485, 490–97, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994); *United States v. Martinez–Martinez*, 295 F.3d 1041, 1044 (9th Cir.2002).