**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Eloy BALLESTEROS–SELINGER,**
**Defendant–Appellant.**

**No. 05–50287.**

United States Court of Appeals,
Ninth Circuit.

May 9, 2007.

Daniel J. Lenerz, Valerie Chu, Esq., USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Steven F. Hubachek, Esq., Jodi D. Thorp, Esq., FDSD–Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: THOMAS and GOULD, Circuit Judges, and SCHWARZER,* District Judge.

### ORDER

The panel hereby withdraws the memorandum disposition filed on July 19, 2006.

Appellant has filed a Petition for Rehearing which relates both to the opinion and the memorandum disposition filed July 19, 2006. To the extent that the Petition for Rehearing relates to the opinion, the Petition for Rehearing is denied. To the extent the Petition for Rehearing relates to the memorandum disposition which has been withdrawn by order, the Petition for Rehearing is denied as moot.

### MEMORANDUM **

A jury convicted Eloy Ballesteros–Selinger ("Ballesteros") of illegal re-entry following deportation in violation of 8 U.S.C. § 1326. He was sentenced to a 57–month term of imprisonment.[1] Ballesteros appeals the district court's denial of his motions to suppress a statement he gave after his warrantless arrest, the district court's denial of his motion to dismiss the indictment, several evidentiary rulings made during his trial, the court's denial of two requested jury instructions, and his sentence. We have jurisdiction under 28 U.S.C. § 1291. We affirm the conviction but remand for resentencing.

### A. Motions to Suppress Ballesteros's Post–Arrest Statement

■ The district court did not err in denying Ballesteros's motion to suppress his post-arrest statement that was based on his alleged unlawful arrest.[2] Faced with conflicting testimony, it was not clear error for the district court to credit the testimony of Agent Haynes. *See Anderson v. City of Bessemer City, N.C.,* 470 U.S. 564, 575, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). Thus, the district

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

2. We review the district court's denial of a motion to suppress de novo and review the district court's factual findings for clear error. *See United States v. Bynum,* 362 F.3d 574, 578 (9th Cir.2004).

court could properly conclude that the agents had consent to enter Ballesteros's house and did not use a ruse until after they had gained entry. Under these circumstances, the agents' warrantless arrest of Ballesteros in his house was not unlawful. *See Donovan v. Dewey,* 452 U.S. 594, 598 n. 6, 101 S.Ct. 2534, 69 L.Ed.2d 262 (1981) ("Absent consent or exigent circumstances, a private home may not be entered to conduct a search or effect an arrest without a warrant."); *see also Payton v. New York,* 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980) (same). Moreover, even if we were to assume that the agents' entry into the house was unlawful, Ballesteros's post-arrest statement would still be admissible because the agents had probable cause to arrest him,[3] and his post-arrest statement was not a result of the arrest having occurred in his house. *See New York v. Harris,* 495 U.S. 14, 18–20, 110 S.Ct. 1640, 109 L.Ed.2d 13 (1990); *see also United States v. Crawford,* 372 F.3d 1048, 1055–57 (9th Cir.2004) (en banc).

■ The district court also did not err in denying Ballesteros's motion to suppress his post-arrest statement that was based on the agents' alleged violation of his *Miranda* rights.[4] Agent Haynes testified that Ballesteros was given, and

waived, his *Miranda* rights before he made the statement. Haynes also testified that he did not read Ballesteros the administrative rights listed on the I–215(B) form, and the record does not indicate that Ballesteros was confused by the administrative rights. The totality of the circumstances does not support that the *Miranda* warnings Ballesteros received were confusing and rendered his waiver of his *Miranda* rights invalid.[5] *See United States v. San Juan–Cruz,* 314 F.3d 384, 388 (9th Cir.2002).

## B. Motion to Dismiss the Indictment

Ballesteros appeals the district court's denial of his motion to dismiss the indictment, which challenged the underlying deportation order.[6] Ballesteros contends that the Immigration Judge's ("IJ's") failure to inform him that he was eligible for voluntary departure, and that he had the right to appeal the deportation order, violated his due process rights and exempted him from the exhaustion requirement of 8 U.S.C. § 1326(d)(1). *See United States v. Ubaldo–Figueroa,* 364 F.3d 1042, 1048–50 (9th Cir.2004).

■ The 1986 memorandum of oral decision ("MOD") of the deportation hearing states that Ballesteros waived his right to appeal the deportation order, but there is no additional indication in the record that

---

3. Agent Haynes testified that before the arrest he had information that Ballesteros had previously been deported from the United States and that he was residing in San Diego County. Thus, Agent Haynes's testimony established a fair probability that Ballesteros had re-entered the United States following deportation, in violation of 8 U.S.C. § 1326. *See United States v. Buckner,* 179 F.3d 834, 837 (9th Cir.1999).

4. We review the adequacy of a *Miranda* warning de novo and review factual findings underlying the adequacy challenge for clear error. *United States v. Connell,* 869 F.2d 1349, 1351 (9th Cir.1989).

5. The district court did not violate Federal Rule of Criminal Procedure 12(d); the court's findings regarding its determination that the agents had consent to enter the house and probable cause to arrest Ballesteros are sufficient to permit our review of the district court's conclusions of law. *See United States v. Prieto–Villa,* 910 F.2d 601, 610 (9th Cir. 1990).

6. We review de novo whether defects in an underlying deportation procedure invalidated the proceeding for use in a criminal proceeding. *United States v. Proa–Tovar,* 975 F.2d 592, 594 (9th Cir.1992) (en banc).

this waiver was "considered and intelligent." *See United States v. Lopez–Vasquez,* 1 F.3d 751, 753–54 (9th Cir.1993) (per curiam). Even if we assume that Ballesteros's appeal waiver did not comport with due process, however, we will not grant relief absent a showing of prejudice. *Proa–Tovar,* 975 F.2d at 595; *see also United States v. Leon–Leon,* 35 F.3d 1428, 1431–32 (9th Cir.1994). Ballesteros did not meet his burden before the district court to establish an inference that he was eligible for voluntary departure at the time of the deportation hearing, and thus that he had a "plausible" ground for relief from deportation.[7] *See Proa–Tovar,* 975 F.2d at 595; *Leon–Leon,* 35 F.3d at 1432. Because Ballesteros did not show that he was prejudiced by any assumed due process violation, the district court did not err in denying his motion to dismiss the indictment.

## C. 1986 Memorandum of Oral Decision

■■■■ The district court did not abuse its discretion by admitting the MOD into evidence.[8] The MOD is part of Ballesteros's alien file ("A-file") and thus was admissible under the public records exception to the hearsay rule. *See United States v. Hernandez–Herrera,* 273 F.3d 1213, 1218–19 (9th Cir.2001). We presume that documents admitted under the public records exception are trustworthy, *United States v. Loyola–Dominguez,* 125 F.3d 1315, 1318 (9th Cir.1997), and Ballesteros has not met his burden to overcome this presumption.[9]

## D. Testimony of the A–File Custodian

■■■■ The district court did not abuse its discretion by allowing the testimony of Janet Gale, a Border Patrol Agent who testified in her capacity as the records custodian of Ballesteros's A-file. Gale's explanation of the 11–year gap between the entry of Ballesteros's order of removal and his actual deportation was based on documents in the A-file, and therefore was permissible. *See NLRB v. First Termite Control Co.,* 646 F.2d 424, 427 (9th Cir.

7. In 1986, eligibility for voluntary departure was governed by 8 U.S.C. § 1254(e), which provided: "The Attorney General may, in his discretion, permit any alien under deportation proceedings ... to depart voluntarily from the United States at his own expense in lieu of deportation if such alien shall establish to the satisfaction of the Attorney General that he is, and has been, a person of good moral character for at least five years immediately preceding his application for voluntary departure under this subsection." Ballesteros did not present evidence to the district court that, at the time of the deportation hearing, he had been a person of good moral character for at least five years. Also, as to whether he could have departed at his own expense, although the record includes an order releasing Ballesteros on his own recognizance that states "[h]as enough funds for Trailways Bus Oakdale to Houston on to San Diego, CA," this document is dated four months after the deportation hearing occurred and therefore was

not relevant to the IJ's determination of Ballesteros's eligibility for voluntary departure. Although the district court gave Ballesteros the opportunity to file additional papers showing his eligibility for voluntary departure, Ballesteros failed to respond with a showing of his ability to depart at his own expense and his good moral character.

8. We address Ballesteros's assertion that the admission of the memorandum of oral decision into evidence violated his rights under the Confrontation Clause in a simultaneously-filed published opinion.

9. The oral ruling of the IJ at the 1986 hearing was recorded on the MOD. Federal Rule of Evidence 1002 therefore did not require the Government to introduce a transcript of the hearing to prove the fact of the IJ's decision, rather than the MOD. *See United States v. Gonzales–Benitez,* 537 F.2d 1051, 1053–54 (9th Cir.1976).

1981). Gale's testimony regarding the process of deportation proceedings was permissible as lay witness testimony because it was grounded in the first-hand knowledge she gathered from her experience working in the immigration field. *See* Fed.R.Evid. 701. Further, although Gale's definition of "deportation" was arguably expert testimony, Ballesteros has not shown that the government's failure to provide notice of this testimony pursuant to Federal Rule of Criminal Procedure 16(g) resulted in prejudice to his substantial rights; the court instructed the jury on the definition of "deportation" and told the jury to apply the law as given to it by the court. *See United States v. Amlani,* 111 F.3d 705, 712–14 (9th Cir.1997).

### E. Jury Instructions

 The district court also did not err in denying Ballesteros's request for two jury instructions presenting his theory of the defense because his theory—that the government must prove that a final order of deportation was entered—is not supported by the law. *See United States v. Medina,* 236 F.3d 1028, 1031 (9th Cir. 2000); *United States v. Escobar de Bright,* 742 F.2d 1196, 1198 (9th Cir.1984).

### F. Ballesteros's Sentence[10]

 Ballesteros argues that the district court's finding that he was removed after being convicted of an aggravated fel-

ony violates *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because it increased his statutory-maximum sentence on the basis of facts not alleged in the indictment, proven to the jury, or admitted by him. *See id.* at 490, 120 S.Ct. 2348 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."); *see also United States v. Covian–Sandoval,* 462 F.3d 1090, 1098 (2006) (holding that the date of a prior removal is not within the exception for judicial findings of a prior conviction identified in *Apprendi); United States v. Martinez–Rodriguez,* 472 F.3d 1087, 1092 (2007). The district court did not err when it increased Ballesteros's maximum sentence based on its finding that Ballesteros's prior removal was subsequent to a conviction for commission of an aggravated felony "because all of the evidence of prior removal presented to the jury related to removals that were subsequent to [Ballesteros's] prior aggravated felony conviction, [and therefore,] the jury necessarily found beyond a reasonable doubt that [Ballesteros's] prior removal was subsequent to a conviction for commission of an aggravated felony" pursuant to 8 U.S.C. § 1326(b)(2). *Martinez–Rodriguez,* 472 F.3d at 1092 (internal quotation marks omitted).[11]

---

**10.** Ballesteros's assertions that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), has effectively been overruled and that 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), are foreclosed by our precedents. *See United States v. Martinez–Martinez,* 295 F.3d 1041, 1043 (9th Cir.2002); *United States v. Pacheco–Zepeda,* 234 F.3d 411, 414 (9th Cir.2000).

**11.** At trial the United States offered evidence establishing that (1) Ballesteros was ordered removed by an IJ following a deportation hearing on August 18, 1986; (2) he was convicted of felony sexual battery on July 7, 1996; (3) he was physically removed from the United States pursuant to the 1986 order on February 25, 1997; and (4) after he reentered the United States again, following his 1997 removal, his 1986 deportation order was reinstated, and he was again removed on February 16, 2000. Thus, when the jury found that Ballesteros had been deported, it necessarily

The court did, however, err in its calculation of the Guidelines range when it incorrectly found that Ballesteros's conviction for sexual battery under California Penal Code § 243.4(a) was a categorical crime of violence and enhanced Ballesteros's base offense level accordingly. *United States v. Lopez–Montanez,* 421 F.3d 926, 928 (9th Cir.2005). Because the district court did not make a finding as to whether Ballesteros's prior offense is a crime of violence under the modified categorical approach, we vacate the sentence and remand to the district court for resentencing. *See United States v. Cantrell,* 433 F.3d 1269, 1279 (9th Cir.2006).

Conviction **AFFIRMED.** Sentence **VACATED and REMANDED.**

---

found that he was deported subsequent to July 7, 1996, the date of his felony conviction because the only deportations proven at trial were in 1997 and 2000.

