**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Julio Enrique CERON–ESCOBAR, Defendant–Appellant.**

No. 06–50067.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 9, 2007.

Filed June 27, 2007.

Christopher M. Alexander, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Vince J. Brunkow, Marisa L. Dersey, Esq., FDSD—Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: T.G. NELSON, SILER,* and HAWKINS, Circuit Judges.

MEMORANDUM **

Julio Enrique Ceron–Escobar ("Ceron") appeals his jury conviction and sentence for attempted re-entry after deportation, in violation of 8 U.S.C. § 1326. He argues that (1) the current Ninth Circuit model

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

jury instruction on reasonable doubt is defective; (2) his conviction for lewd acts with a child under 14, in violation of California Penal Code § 288(a), does not qualify as a crime of violence for purposes of U.S. Sentencing Guideline § 2L1.2; and (3) the statutory maximum for his offense is two years. We affirm.

We review Ceron's challenge to the jury instruction for plain error. Although Ceron proposed an alternative "reasonable doubt" instruction, he failed to offer any argument as to why the model instruction was defective. *See United States v. Klinger*, 128 F.3d 705, 710 (9th Cir.1997) ("A defendant's mere proposal of an alternate instruction does not satisfy Rule 30's standard of specificity."). Whether Ceron's prior conviction qualifies as a crime of violence for purposes of U.S.S.G. § 2L1.2 is reviewed de novo, *see United States v. Baron–Medina*, 187 F.3d 1144, 1146 (9th Cir.1999), as is our consideration of the constitutionality of a federal statute under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), *see United States v. Martinez–Martinez*, 295 F.3d 1041, 1043 (9th Cir.2002).

Ceron's first argument—that the reasonable doubt instruction taken from the Ninth Circuit Manual of Model Jury Instructions § 3.5 is defective—is without merit. We have previously held that the giving of this instruction was not plain error. *See United States v. Nelson*, 66 F.3d 1036, 1045 (9th Cir.1995).

Ceron next submits that his prior conviction does not constitute a crime of violence. Although he acknowledges that we have held that a violation of § 288(a) is considered a "crime of violence" for purposes of § 2L1.2, *see United States v. Medina–Maella*, 351 F.3d 944, 945 (9th Cir.2003), he claims that his conviction does not categorically qualify because he could have been convicted on an overly broad aiding and abetting theory. He asserts that because California aiding and abetting liability is broader than "generic" aiding and abetting liability, the government cannot show that he had the mens rea required for a generic "aiding and abetting" conviction.

To determine whether Ceron's prior conviction qualifies as a "crime of violence," we apply the categorical approach of *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). The *Taylor* analysis allows us to "look only to the fact of conviction and the statutory definition of the prior offense." *Id.* at 602, 110 S.Ct. 2143. We ask whether "the statute criminalizes conduct that would not constitute a[ ] [crime of violence] under federal sentencing law." *United States v. Corona–Sanchez*, 291 F.3d 1201, 1203 (9th Cir.2002) (en banc).

The Supreme Court recently rejected an argument that California aiding and abetting liability is broader than the generic definition of a listed crime in a federal statute. *See Gonzales v. Duenas–Alvarez*, —— U.S. ——, 127 S.Ct. 815, 820–23, 166 L.Ed.2d 683 (2007). The Court explained:

> [I]n our view, to find that a state statute creates a crime outside the generic definition of a listed crime in a federal statute requires more than the application of legal imagination to a state statute's language. It requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime. To show that realistic possibility, an offender, of course, may show that the statute was so applied in his own case. But he must at least point to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues.

Here, Ceron cites California precedent demonstrating that a defendant can be

found criminally liable for conduct the defendant did not intend. Yet, none of the cited cases involved a conviction for aiding and abetting lewd or lascivious acts upon a child under the age of 14 years. Ceron merely argues in theory that one could be convicted under the state statute for a crime that would not fall under the generic definition in a federal statute. Following *Duenas–Alvarez*, this argument fails. Therefore, under *Taylor*, Section 288(a) criminalizes conduct that would constitute a crime of violence under federal sentencing law. Accordingly, the sixteen-level sentence enhancement was proper.

Finally, Ceron contends that it was error for the district court to enhance his sentence based on a prior conviction that was not alleged in the indictment, proven to the jury, or admitted by him. Our precedent forecloses this argument. *See United States v. Martinez–Rodriguez*, 472 F.3d 1087, 1092–94 (9th Cir.2007) (noting the continued viability of *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and upholding defendant's sentence because the jury had before it facts from which it necessarily found that there was a prior removal subsequent to defendant's conviction). Here, as in *Martinez–Rodriguez*, the jury necessarily concluded that Ceron had been removed because it found him guilty of illegal reentry. The only evidence of deportation it reviewed was from 1995, after his prior aggravated felony conviction. Thus, Ceron's sentence was proper.

AFFIRMED.