**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

JOSE COVIAN-SANDOVAL,
            *Defendant-Appellant.*

No. 05-50543

D.C. No.
CR-05-00292-DMS

OPINION

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted May 5, 2006*
Pasadena, California

Filed August 31, 2006

Before: Dorothy W. Nelson, Michael Daly Hawkins, and
Richard A. Paez, Circuit Judges.

Opinion by Judge D.W. Nelson

*This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

10597

## COUNSEL

David J. Zugman, San Diego, California, for the defendant-appellant.

Carol C. Lam, Roger W. Haines, Jr., and Stacey H. Sullivan, San Diego, California, for the plaintiff-appellee.

## OPINION

D.W. NELSON, Senior Circuit Judge:

Jose Covian-Sandoval ("Covian") appeals his conviction and sentence for attempted illegal entry under 8 U.S.C. § 1326. Covian contends that the district court's plea colloquy was inadequate under Federal Rule of Criminal Procedure 11 ("Rule 11"), and that the district court's enhancement of Covian's sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Because we conclude that any such errors do not warrant relief under the plain error standard of review, we affirm.

I.

On February 3, 2005, Covian was indicted for attempting to enter the United States without permission after having been "excluded, deported and removed from the United States to Mexico" in violation of 8 U.S.C. § 1326. At trial, Covian pleaded guilty to the charge without a plea agreement. During the plea colloquy, defense counsel offered the following factual proffer:

> Mr. McCabe: . . . On December 29th of 2004, Mr. Covian entered the United States, was found in the United States [*sic*] in an area known as the Whiskey Three area in the Imperial Beach Border Patrol Station area of operations. And he had previously been deported to Mexico on May 28th, 1997 through San Ysidro, California. And had not applied for or received permission to reenter the United States from either the Attorney General or his designated successor, the Secretary of the Department of Homeland Security.
>
> The Court: He is a citizen of?
>
> Mr. McCabe: He is a citizen of Mexico. I am sorry, I forgot that element.

Both Covian and the prosecution agreed to that factual basis for the plea. At the conclusion of the plea colloquy, the district court mirrored closely the language of the indictment in asking for the plea:

> The Court: As to the sole count in the indictment, sir, how do you plead that on or about December 29, 2004, you were within the Southern District of California. That you were an alien. That you had previously been excluded, deported and removed from the United States to Mexico. That you attempted to enter

the United States with the purpose, *i.e.* the conscious desire, to enter the United States at the San Ysidro port of entry, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, having expressly consented to your reapplication for admission into the United States, all in violation of Title 8, United States Code, section 1326; guilty or not guilty?

Covian pleaded guilty, and the court accepted the plea.

In its presentence report, the probation office described in more detail the facts of Covian's interception at the border, incorporating comments from defense counsel. The presentence report also noted that Covian had an extensive criminal history, including a prior felony conviction, and that Homeland Security officials had confirmed that Covian has "at least six prior deportations on record, with the last being on December 21, 2004, just eight days [before] his involvement in the instant offense." Covian raised no objection to these assertions, and was sentenced to 77 months' imprisonment with three years of supervised release.

## II.

We have jurisdiction to review Covian's final conviction and sentence under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We generally review de novo whether a plea colloquy met the requirements of Rule 11. *United States v. Pena*, 314 F.3d 1152, 1155 (9th Cir. 2003). Because Covian failed to raise this issue before the district court, however, we may only reverse his conviction on Rule 11 grounds if the district court committed plain error. *Id.*

We also generally review de novo whether a sentence violates *Apprendi*. *See United States v. Pina-Jaime*, 332 F.3d 609, 611 (9th Cir. 2003). Again, however, because Covian-

Sandoval failed to raise this claim before the district court, we review his sentence for plain error. *United States v. Minore*, 292 F.3d 1109, 1121 (9th Cir. 2002).

To grant relief under the plain error standard, we must determine: (1) there was error, (2) that is plain, and (3) that affects substantial rights. *Id.* at 1117 (holding that the plain error test requires that there "must be an 'error' that is 'plain' and that 'affects substantial rights' ") (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). However, even if those requirements are met, we "will exercise our discretion to correct the error only if it 'seriously affects the fairness, integrity or public reputation of judicial proceedings.' " *Id.* (quoting *Olano*, 507 U.S. at 732).

## III.

**[1]** Rule 11 requires a trial judge, before accepting a guilty plea, to engage in a colloquy with the defendant to confirm that the defendant understands, among other things, "the nature of each charge to which the defendant is pleading." Fed. R. Crim. P. 11(b)(1)(G). Before entering judgment on a plea, the court must also "determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). In evaluating the adequacy of a Rule 11 colloquy, we examine solely the record of the plea proceeding itself. *United States v. Kamer*, 781 F.2d 1380, 1383 (9th Cir. 1986). In ascertaining whether a Rule 11 error affected the defendant's substantial rights or the integrity of the proceeding, however, "we may look to other portions . . . of the limited record made in guilty plea cases." *Minore*, 292 F.3d at 1119 (internal quotation marks, brackets, and citation omitted).

## A.

**[2]** We address first whether Covian's admissions provided an adequate "factual basis for the plea," as required by Rule 11(b)(3). Under this Rule, a district court does not have to

make "an express finding of a factual basis during the plea colloquy." *In re Ellis*, 356 F.3d 1198, 1205 (9th Cir. 2004) (en banc). Instead, we examine only whether it is " 'established on the record that there is sufficient evidence to support the conclusion that the defendant is guilty.' " *Id.* (quoting *United States v. Rivera-Ramirez*, 715 F.2d 453, 457 (9th Cir.1983)). Specifically, we must examine whether Covian's admissions adequately support the requirements that he had the specific intent to commit the crime of illegal entry and that he "committed an overt act that was a substantial step towards reentering." *United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1196 (9th Cir. 2000) (citations omitted).[1] Based on the record of the plea proceeding, we find the factual basis adequate.

**[3]** Covian's factual proffer included the statement that he "entered the United States." This admission is plainly sufficient to support the substantial step element of the offense, for the successful completion of an entry is no bar to a conviction for attempted entry. *See United States v. Rivera-Relle*, 333 F.3d 914, 919, 921 (9th Cir. 2003). It also serves to support, at least in part, the inference that Covian possessed the specific intent to enter the United States. *See United States v. King*, 257 F.3d 1013, 1022 (9th Cir. 2001) ("Sufficient evidence indicating guilt is adequate; the court need not convince itself of guilt beyond a reasonable doubt."). In any event, the court subsequently and unambiguously specified that by pleading guilty Covian would admit that he "attempted to enter the United States with the purpose, *i.e.* the conscious desire," of crossing the border without proper permission. We therefore cannot find that the court's acceptance of the factual basis for the plea accordingly constitutes any " 'error' that is 'plain.' " *Minore*, 292 F.3d at 1117 (quoting *Olano*, 507 U.S. at 732).

---

[1]Covian does not dispute that his admissions adequately support the remaining elements of the attempted illegal entry offense—*i.e.*, that Covian is not a United States citizen, that he had been previously deported, and that he did not have permission to return. *See Gracidas-Ulibarry*, 231 F.3d at 1196.

Covian argues, to the contrary, that the basis for his guilty plea for attempted entry was undermined by his further admission that he "was found in the United States . . . in the Imperial Beach Border Patrol Station area of operations." Specifically, he claims that his admission to being "found in" the United States should have precluded the district court from accepting his guilty plea for attempting to enter the United States.

**[4]** It is true that the section under which Covian was convicted creates three distinct substantive offenses: attempting to enter, entering, and being found in the United States. *See* 18 U.S.C. § 1326(a); *United States v. Corrales-Beltran*, 192 F.3d 1311, 1319-20 (9th Cir. 1999). But Covian's admissions were of facts, not law; they were expressly offered for, and confirmed as, the "factual basis" for his plea. The mere factual admission of being "found in" the United States does not necessarily constitute an admission of all of the legal elements of a "found in" offense under § 1326. As statements of fact, moreover, there was no conflict between Covian's acknowledgments that he "entered the United States" and "was found in the United States."

**[5]** Additionally, even if Covian's claim of being "found in" the United States were taken in its legal sense, the guilty plea for attempted entry would still have adequate support. The three offenses contained in § 1326 do not depend on mutually exclusive facts. In particular, admitting the commission of a "found in" offense would not, contrary to Covian's arguments, create a defense to the charge of attempted entry. The offense of being found in the United States encompasses, among its requirements, the offense of illegal entry. *See United States v. Pacheco-Medina*, 212 F.3d 1162, 1166 (9th Cir. 2000) (holding that "an entry, as defined legally, is required before a person is 'found in' the United States"). As an inchoate crime, the offense of attempted illegal entry contains the heightened *mens rea* element of specific intent, but nothing about an admission of an entry or "found in" offense

inherently militates against a finding of specific intent. *See United States v. Rivera-Sillas*, 417 F.3d 1014, 1020 (9th Cir. 2005) ("A 'found in' offense under § 1326 is a general intent crime."). We therefore conclude that there was an adequate factual basis for Covian's plea, in compliance with Rule 11(b)(3), and that accordingly there was no error, plain or otherwise.

## B.

We next examine whether the district court adequately confirmed that Covian understood "the nature of [the] charge" to which he was pleading guilty. Fed. R. Crim. P. 11(b)(1)(G). Although the colloquy may not have fully met the requirements of Rule 11, we do not find any error that "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 736 (internal quotation marks and citation omitted).

**[6]** Rule 11 imposes a two-part burden on the district court. Before accepting a guilty plea, the court must "[1] inform the defendant of, and [2] determine that the defendant understands [the nature of the charge.]" Fed. R. Crim. P. 11(b)(1); *see also Minore*, 292 F.3d at 1115 ("[T]he district court must advise the defendant of the elements of the crime and ensure that the defendant understands them.").

**[7]** Given the straightforward nature of an attempted entry offense, the court fulfilled the first part of its duty by reciting the elements of the offense. *See United States v. Bruce*, 976 F.2d 552, 560 (9th Cir. 1992) (noting that such a recitation "suffice[s] to inform the defendant of the nature of the charges against him only in exceedingly simple and easily-understood cases"). Regardless, however, the district court clearly did not fulfill the second part of its duty, for it did nothing to "elicit responses" from Covian to ensure that his understanding was "manifest." *Kamer,* 781 F.2d at 1385. This failure to satisfy the requirements of Rule 11 is "error, and it

is plain." *Pena*, 314 F.3d at 1157; *see also Olano*, 507 U.S. at 734 (" 'Plain' is synonymous with 'clear,' or, equivalently, 'obvious.' ").

We need not address whether such an error affected Covian's substantial rights, however, because in any event we cannot conclude that it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 732 (internal quotation marks, brackets, and citations omitted); *see also United States v. Cotton*, 535 U.S. 625, 632-33 (2002) (bypassing the "substantial rights" prong of the plain error inquiry where, "even assuming respondents' substantial rights were affected, the error did not seriously affect the fairness, integrity, or public reputation of judicial proceedings"). Taking into account both the colloquy and the complete record, we find no indication that Covian actually lacked understanding of his straightforward crime.

**[8]** The materials at sentencing—including the account of the underlying events provided to the probation office by Covian himself, and vetted by his counsel—indicate unequivocally Covian's full comprehension of the nature of the offense. Covian admitted that he attempted to enter the United States illegally by climbing the international boundary fence near San Ysidro, California, and expressed remorse for his actions. At no time has he contested the uncomplicated facts offered in the presentence report, which notes that a U.S. Border Patrol agent observed Covian scaling the fence and arrested him after a brief foot chase. *Cf. Cotton*, 535 U.S. at 633 (denying plain error relief on this prong because the evidence was "overwhelming" and "essentially uncontroverted").

With these facts in mind, we further note that although the district court's error involved a core concern of Rule 11, *see Pena*, 314 F.3d at 1157, the error was minor in degree. In a context involving an easily understood crime, the district court confirmed with defense counsel that he had advised Covian of the charge against him, and confirmed with Covian

that he was satisfied with his discussions with counsel. The elements of the crime had been included plainly and without significant "legal argot" in the indictment, and the judge similarly recited them prior to Covian's plea. *Bruce*, 976 F.2d at 560; *cf. Rivera-Ramirez*, 715 F.2d at 457 (finding reading of unusually detailed indictment was adequate under Rule 11 to avoid reversal for "manifest injustice"). Nor does the record reflect any confusion or uncertainty on Covian's part during the hearing. Under the circumstances, the district court's error was not a "wholesale failure to comply with the requirements of Rule 11." *Pena*, 314 F.3d at 1158.

**[9]** In sum, it is clear that Covian adequately "possesse[d] an understanding of the law in relation to the facts." *United States v. Portillo-Cano*, 192 F.3d 1246, 1251 (9th Cir. 1999) (internal quotation marks and citation omitted). Accordingly, the court's error is insufficiently grave to constitute a "miscarriage of justice" that "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 736 (internal quotation marks and citation omitted). Covian's claim therefore does not merit relief under the plain error standard.

## IV.

Covian also claims that the district court lacked the authority to increase his sentence based on facts it found at sentencing. He does not dispute the substance of any facts the district court found; instead, he only challenges the court's authority to enhance his sentence based on such fact-finding. Under *Apprendi* and its progeny, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *United States v. Booker*, 543 U.S. 220, 244 (2005). Underlying the issue in this case is the provision of § 1326 that increases the maximum sentence for an alien convicted of attempted entry after

removal if the alien's "removal was subsequent to a conviction for commission of an aggravated felony." 8 U.S.C. § 1326(b)(2). Covian claims that his guilty plea admitted neither the prior conviction nor the subsequent removal, and that the court's increased sentence under § 1326(b)(2) therefore violated *Apprendi* twice over. We agree with Covian as to the subsequent removal, though not as to the prior conviction, but we again find that relief is not warranted under the plain error standard.

A.

**[10]** Under the Supreme Court's decision in *Almendarez-Torres v. United States*, a judge may enhance a sentence under § 1326(b) for a prior conviction even if the fact of the conviction was not charged in the indictment, submitted to a jury, or proved beyond a reasonable doubt. *See* 523 U.S. 224 (1998); *United States v. Pacheco-Zepeda*, 234 F.3d 411, 415 (9th Cir. 2000).

**[11]** Covian argues that the Supreme Court has effectively overruled *Almendarez-Torres*, and, relatedly, that recent Supreme Court decisions create constitutional doubt that should compel us to limit the holding of *Almendarez-Torres* to cases in which the defendant admits the prior conviction during a guilty plea.[2] Covian also argues that *Apprendi* renders unconstitutional the provisions of § 1326 that allow a judge to increase the maximum sentence from two years to twenty. All of these arguments, however, are squarely foreclosed by our precedents. *See, e.g., United States v. Beng-Salazar*, ___ F.3d ___, 2006 WL 1843394 (9th Cir. 2006); *United States v. Diaz-Argueta*, 447 F.3d 1167, 1170 (9th Cir. 2006); *United States v. Rodriguez-Lara*, 421 F.3d 932, 949-50 (9th Cir. 2005). We therefore must reject Covian's contention

---

[2]Specifically, Covian bases this latter argument on *Dretke v. Haley*, 541 U.S. 386 (2004), and *United States v. Shepard*, 544 U.S. 13 (2005).

that the district court could not enhance his sentence based on its own finding of the fact of a prior felony conviction.

B.

**[12]** We turn to the district court's finding that Covian was removed after his felony conviction. The plain language of § 1326 clearly does not allow a district court to apply the heightened maximum sentence to an alien whose removal was prior to a felony conviction, rather than "subsequent" to it. 8 U.S.C. § 1326(b)(2). In other words, to trigger the increase in the statutory maximum sentence under § 1326(b)(2), an alien must first be convicted of an aggravated felony, then be removed, and then attempt to reenter, in that order. *See id.*; *United States v. Luna-Madellaga*, 315 F.3d 1224, 1226 (9th Cir. 2003) ("All that the statute requires is that the alien [attempt to] reenter the United States illegally after having been removed subsequent to an aggravated felony conviction.").

The removal that Covian admitted at trial was in 1997. Because his felony conviction was not until 2002, that removal does not support a sentence enhancement, and there was no mention in the indictment or at trial of any other removal. At sentencing, however, the court found that Covian was removed again in 2004, eight days before his attempted reentry. Because this second removal fell between Covian's felony conviction and his subsequent attempt to reenter the United States, the court issued an enhanced sentence under § 1326(b)(2).

**[13]** Covian does not challenge the substance of any of these facts. Instead, he argues that, under *Apprendi*, if a specific removal is admitted at trial, an enhanced sentence cannot be triggered under § 1326(b) by a different removal that he did not admit. We agree with Covian, but we again find that relief is not warranted under the high bar of the plain error standard of review.

**[14]** It is clear that the sentencing court's reliance on the 2004 removal was error under *Apprendi* and that this error was plain. The fact of a prior conviction is the *only* fact that both increases a penalty beyond the statutory maximum and can be found by a sentencing court. *United States v. Fresnares-Torres*, 235 F.3d 481, 482 (9th Cir. 2000). The premise for this exception is that prior convictions are "the product of proceedings that afford crucial procedural protections—particularly the right to a jury trial and proof beyond a reasonable doubt." *United States v. Tighe*, 266 F.3d 1187, 1194 (9th Cir. 2001). Accordingly, the exception is "limited to prior convictions that were themselves obtained through proceedings that included the right to a jury trial and proof beyond a reasonable doubt." *Id.* The fact of a prior removal plainly falls outside the scope of this exception, for immigration proceedings are civil, not criminal, lacking both juries and the reasonable doubt standard. *See, e.g.*, *United States v. Solano-Godines*, 120 F.3d 957, 960-61 (9th Cir. 1997). Moreover, unlike the fact of a prior conviction at issue in *Almendarez-Torres*, the fact of an alien's prior removal or departure is plainly one of the elements of the crime for which Covian was convicted. *See* 8 U.S.C. § 1326(a); *Gracidas-Ulibarry*, 231 F.3d at 1196. Accordingly, it must be proved beyond a reasonable doubt to a jury or admitted by the defendant. *See, e.g.*, *Apprendi*, 530 U.S. at 477; *Almendarez-Torres*, 523 U.S. at 239; *Fresnares-Torres*, 235 F.3d at 482.

**[15]** Here, the sentencing court did not merely find the fact of a prior conviction. Instead, it found the existence of a subsequent removal that was neither proven beyond a reasonable doubt at trial nor admitted by Covian. Indeed, because Covian admitted a particular—and different—date of removal at trial, it is clear that the removal allowing his conviction did *not* happen at a time subsequent to his felony conviction. We reiterate today that the only exception to *Apprendi*'s rule involves the fact of a prior conviction. Accordingly, the enhancement of Covian's sentence, based on the factual finding of a subsequent removal, constituted plain error.

**[16]** Turning to the next prong in the plain error analysis, however, we find that this error did not violate Covian's substantial rights—that is, that "the sentencing judge's determination did not prejudice [Covian] in a manner that affected the outcome of the . . . proceedings." *United States v. Buckland*, 289 F.3d 558, 568 (9th Cir. 2002) (en banc) (internal quotation marks and citations omitted). This inquiry directs us to consider the fact improperly found at sentencing "as the equivalent of an element of the offense on which the jury was not instructed," such that we must "inquire whether it was clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." *Minore*, 292 F.3d at 1122 (internal quotation marks and citations omitted); *see generally United States v. Nordby*, 225 F.3d 1053, 1060 (9th Cir. 2000) (describing the inquiry). We apply this inquiry with regard to "any question of fact" found in violation of *Apprendi*. *Minore*, 292 F.3d at 1121 n.11.

Critically, the defendant bears the burden of raising a reasonable doubt as to the fact. *Id.* at 1122. Covian has failed to meet this burden. On the contrary, his actions practically concede that he was, in fact, removed a week before his attempted reentry in 2004. He never raised any objection to the allegation of a 2004 removal, either in response to the presentence report or in response to the court's express reliance on that removal during the sentencing hearing. *Cf. Buckland*, 289 F.3d at 569-70 (noting that the defendant had not challenged the relevant facts at sentencing); *Minore*, 292 F.3d at 1122 (same).

**[17]** Most significantly, Covian's arguments to the sentencing court effectively conceded that a sentence enhancement under § 1326(b) would be appropriate. Without such an enhancement, Covian's maximum sentence under the statute would have been two years. *See* 8 U.S.C. § 1326(a). Covian's sentencing memorandum never challenged the presentence report's recommended enhancement for a prior conviction, however. Quite the opposite: basing his defense on different

grounds, Covian argued for a range of 77-96 months under the Sentencing Guidelines, with a downward variance under § 3553(a) to "no more than 60 months." At the hearing, defense counsel then argued for a 48-month sentence.

**[18]** There is no indication in the record that a sentence exceeding two years was allowed for any reason other than Covian's removal subsequent to a felony conviction. *See* § 1326(b)(3) & (4) (providing other bases, not evident here, for increasing a § 1326 sentence beyond two years). On the contrary, Covian's counsel argued in his sentencing memorandum that "although defendant's prior criminal record is extensive, from all indications, his most recent illegal entry was motivated by economic necessity." In sum, Covian has done nothing to meet his burden of raising a reasonable doubt as to the fact of his 2004 removal. Under the plain error standard, his sentence must therefore stand.

## V.

For the foregoing reasons, we conclude that the errors committed by the district court under Rule 11 and *Apprendi* do not warrant relief on appeal under the plain error standard of review. Accordingly, we must uphold Covian's conviction and sentence.

**AFFIRMED.**