**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ramon Froilan GARCIA–GONZALEZ,**
**Defendant–Appellant.**

**No. 05–50728.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 11, 2006.*

Filed Sept. 14, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Michael J. Crowley, Esq., U.S. Attorney, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Marc Carlos, San Diego, CA, for Defendant–Appellant.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

## MEMORANDUM **

Ramon Froilan Garcia–Gonzalez appeals his 70–month sentence imposed following his guilty plea to being found in the United States after illegal re-entry, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Garcia–Gonzalez contends that the district court violated his constitutional rights by imposing a sentence in excess of the two-year maximum set forth in 8 U.S.C. § 1326(a) based on a prior conviction that was neither proved to a jury nor admitted during the plea colloquy. This contention is foreclosed by *United States v. Beng–Salazar*, 452 F.3d 1088, 1091 (9th Cir.2006).

■ Garcia–Gonzalez next contends that the enhanced sentence was inappropriate because the government did not allege, nor did he admit, the date of his deportation. At the plea colloquy, Garcia–Gonzalez admitted that he had been previously deported, but did not specify the date on which he had been deported. At sentencing, the district court enhanced Garcia–Gonzalez's sentence based on his June 13, 2002 domestic-violence conviction; the district court also found that Garcia–Gonzalez had been removed four times, including a September 16, 2004 removal.

It was plain error for the district court to find a subsequent removal that was neither admitted by Garcia–Gonzalez nor proven to a jury. *See United States v. Covian–Sandoval*, 462 F.3d 1090, 1096–99 (9th Cir.2006). However, Garcia–Gonzalez's substantial rights were not affected because he never objected to the allegation of the 2004 removal, either in response to the presentence report or at sentencing. *See id.* We therefore reject this contention as well.

■ Garcia–Gonzalez finally contends his sentence was unreasonable because the district court incorrectly calculated the guideline range under the now-advisory U.S. Sentencing Guidelines by enhancing his sentence based on his prior conviction. Because the district court correctly calculated Garcia–Gonzalez's advisory sentencing guidelines range, and did discuss the sentencing factors of 18 U.S.C. § 3553(a), the 70–month sentence imposed was reasonable. *See United States v. Plouffe*, 436 F.3d 1062, 1063 (9th Cir.2006), *cert. denied*, —— U.S. ——, 126 S.Ct. 2314, 164 L.Ed.2d 832 (2006).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.