**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose Ramon MEDINA–HUERTA, Defendant–Appellant.**

**No. 05–50869.**

United States Court of Appeals, Ninth Circuit.

---

Submitted Oct. 17, 2006 *.

Filed Nov. 30, 2006.

\* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

Joanna P. Baltes, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Vincent J. Brunkow, Esq., FDSD—Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: PREGERSON, GOULD, and CLIFTON, Circuit Judges.

MEMORANDUM **

Jose Ramon Medina–Huerta appeals his conviction and forty-eight month sentence for being a deported alien found in the United States in violation of 8 U.S.C. § 1326. We affirm.

■ The district court did not err in refusing to allow cross-examination regarding document shredding at the Laguna Niguel processing facility. The testimony sought by Medina–Huerta was marginally relevant at best, highly prejudicial, and not based on the witness's personal knowledge. *See* Fed.R.Evid. 403; Fed.R.Evid. 602. The district court did not err, therefore, because it did not limit relevant testimony, prejudice the defendant, or deny the jury sufficient information to appraise the biases and motivations of the witness. *United States v.*

*Holler,* 411 F.3d 1061, 1066 (9th Cir. 2005).

■ Medina–Huerta was not entitled to a different jury instruction under 8 U.S.C. § 1326(a). "As a functional matter, the Attorney General's consent to apply for admission [required under § 1326(a)] is tantamount to his consent to the admission itself." *United States v. Cervantes–Flores,* 421 F.3d 825, 834 (9th Cir.2005) (internal quotation and citation omitted). For this reason, the instruction requiring the jury to find that Medina–Huerta "had no official permission from the attorney general or anyone in charge to be here in the United States, he had not been granted permission to be back in the United States" did not misstate the consent required under § 1326(a). Moreover, the evidence presented at trial overwhelmingly suggests that Medina–Huerta applied for the Attorney General's consent to apply for admission to the United States but was denied. Any error presented by the district court's jury instruction thus "was harmless beyond a reasonable doubt." *United States v. Feingold,* 454 F.3d 1001, 1012–13 (9th Cir.2006).

■ Finally, Medina–Huerta's challenge to the constitutionality of § 1326 is foreclosed. *See United States v. Covian–Sandoval,* 462 F.3d 1090, 1097 (9th Cir. 2006). His argument that the sentencing court improperly found the fact of his deportation, and its date, is likewise unavailing. At trial, the jury was presented with evidence of a single deportation in March 1996. In finding Medina–Huerta guilty of illegal reentry after deportation, the jury necessarily found beyond a reasonable doubt that Medina–Huerta was removed in 1996, a time subsequent to his December 1991 conviction. The sentencing court

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

thus did not err in finding either the fact of Medina–Huerta's prior removal or its date. *United States v. Martinez–Rodriguez,* 468 F.3d 1182, 1186 (9th Cir.2006). Neither finding involved "the existence of a subsequent removal that was neither proven beyond a reasonable doubt at trial nor admitted." *Covian–Sandoval,* 462 F.3d at 1098.

**AFFIRMED.**

*This case was not selected for publication in the Federal Reporter*