**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Maria Bernadita ESPINOZA–PAREDA,**
**Defendant–Appellant.**

**No. 06–50699.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 7, 2007.

Filed March 27, 2007.

Mark R. Rehe, Esq., USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Shereen J. Charlick, Esq., FDSD–Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: RYMER, WARDLAW, and M. SMITH, JR., Circuit Judges.

MEMORANDUM *

Maria Espinoza–Pareda appeals the district court's order authorizing involuntary medication and commitment, which we vacate and remand.

First, it is unclear what findings—if any—the district court made with respect to administration of drugs on *Harper* grounds. *See Washington v. Harper*, 494 U.S. 210, 110 S.Ct. 1028, 108 L.Ed.2d 178 (1990). Whether the government sought permission to administer drugs on *Harper*-type grounds, and if not, why not, should ordinarily be determined at the outset as that determination (or what is learned in the course of it) may inform the decision-making process under *Sell*, or even obviate a merits determination on the question of trial competence. *See Sell v. United States*, 539 U.S. 166, 183, 123 S.Ct. 2174, 156 L.Ed.2d 197 (2003). If there is some particular reason why a *Harper* analysis is not possible or indicated in this case, it would be helpful to know it. Otherwise, whether forced medication can be authorized on these alternative grounds should be considered and clear findings made as *Sell* suggests. *Id.*

Second, we have difficulty with the district court's findings—and hence, its conclusion—under the first prong of *Sell*. Espinoza–Pareda's criminal history and the particular circumstances leading up to her arrest and indictment no doubt bear on the importance of the government's interest in bringing her to trial, because the nature of the offense and characteristics of the offender shed light on the seriousness of the crime. We recognize that courts are to "consider the facts of the individual case in evaluating the Government's interest in prosecution," *id.* at 180, 123 S.Ct. 2174, but Espinoza–Pareda's conduct in prison and in court following her indictment do not appear probative of the government's interest in prosecution. Because these were two of the five facts that influenced the district court's conclusion, on remand the court should reconsider it decision on *Sell's* first prong without factoring in post-indictment conduct. It is, of course, free to explain in the alternative why it believes these facts bear on the strength of the government's interest in this particular case.

Further on prong one, *Sell* indicates that the potential for future civil confinement affects, though it does not "totally undermine," the strength of the need for prosecution. *Id.* at 180, 123 S.Ct. 2174. The record is undeveloped on this point.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We cannot tell, for example, what the prospects of civil commitment are or whether they lessen, or increase, the government's interest in prosecution. The consequences of Espinoza–Pareda's failure to take drugs voluntarily, including the effect, if any, of lengthy confinement in an institution for the mentally ill on the government's interests in prosecuting her now, as well as the effects, if any, of such confinement on the potential for trial at the end of any such period, should be considered on remand and findings made with respect to them. *See id.*

Finally on this prong, the district court should consider, and make findings with respect to, the implications, if any, of *United States v. Covian–Sandoval,* 462 F.3d 1090 (9th Cir.2006), for the seriousness of the crime.

We have not addressed Espinoza–Pareda's challenges to the district court's findings on *Sell* prongs two, three and four because inquiry into *Harper* grounds, and findings on prong one, are foundational. However, if the court orders forced medication on remand, then its order should also specify precisely which antipsychotic medication(s) the government is authorized to administer without further order of the court.

This panel will retain jurisdiction over further appeals, which will be expedited in the same fashion as this one has been. Meanwhile, the outstanding stay order shall remain in effect.

VACATED AND REMANDED.