**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Guadalupe PALACIOS–SOTO,**
**Defendant—Appellant.**

No. 06–50474.

United States Court of Appeals,
Ninth Circuit.

Submitted May 8, 2007 *.

Filed July 26, 2007.

John R. Kraemer, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Gary P. Burcham, Esq., San Diego, CA, for Defendant–Appellant.

Before: SILVERMAN, WARDLAW, and BYBEE, Circuit Judges.

MEMORANDUM **

Guadalupe Palacios–Soto ("Appellant") appeals the sentence imposed following his guilty plea for being a deported alien found in the United States in violation of 8 U.S.C. § 1326. Appellant contends that the district court's imposition of 30–months incarceration violates *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the date of his removal subsequent to his felony convic-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion was not proved to a jury beyond a reasonable doubt or admitted by him in his guilty plea. The facts and procedural history are known to the parties and we do not repeat them here.

Under *United States v. Covian–Sandoval,* 462 F.3d 1090 (9th Cir.2006), the district court did not commit plain error. *See United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Although the district court erred, the court relied on the uncontested Presentence Report—which listed the dates of Appellant's felony conviction and subsequent removal—and thus any error did not affect Appellant's "substantial rights." *See United States v. Manarite,* 44 F.3d 1407, 1419 n. 18 (9th Cir.1995); *United States v. Romero–Rendon,* 220 F.3d 1159, 1161–62 (9th Cir.2000). We hold that the district court did not commit plain error and affirm.

Appellant's argument that his sentence was unreasonable because the district court failed to consider his sentence in light of those of other individuals involved in the same circumstances, but charged with different crimes is without merit. *See United States v. Caperna,* 251 F.3d 827, 831 (9th Cir.2001); *United States v. Banuelos–Rodriguez,* 215 F.3d 969, 978 (9th Cir.2000).

**AFFIRMED.**

* This disposition is not appropriate for publication and is not precedent except as provided