UNITED STATES of America,
Plaintiff–Appellee,

v.

Roberto CAMPOS–HERRERA,
Defendant–Appellant.

No. 06–50674.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 24, 2007 *.

Filed Sept. 28, 2007.

William M. Narus, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\* This panel unanimously finds this case suitable for decision without oral argument. *See*

Gary P. Burcham, Esq., San Diego, CA, for Defendant–Appellant.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Roberto Campos–Herrera appeals from the 60–month sentence imposed by the district court following his guilty-plea conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Campos–Herrera contends that his attorney's failure at sentencing to challenge the application of 8 U.S.C. § 1326(b) based on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), constituted ineffective assistance of counsel. We conclude that the record is sufficiently developed to allow us to consider and to reject Campos–Herrera's ineffective assistance of counsel claim on direct appeal. *See United States v. Labrada–Bustamante*, 428 F.3d 1252, 1260–61 (9th Cir.2005). Campos–Herrera admitted pursuant to his guilty plea that he was removed on a date subsequent to the felony conviction used to enhance his sentence. Because the district court explicitly acknowledged that the removal date was not alleged in the indictment, Campos–Herrera cannot show a reasonable probability that the result of the proceeding would have been different had his counsel raised the issue. *See Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052,

Fed. R.App. P. 34(a)(2).

80 L.Ed.2d 674 (1984); *Labrada–Bustamante*, 428 F.3d at 1261.

We review Campos–Herrera's sentence for plain error, *see United States v. Covian–Sandoval*, 462 F.3d 1090, 1093 (9th Cir. 2006), and we affirm. We reject Campos–Herrera's *Apprendi* challenge to his sentence. Even assuming that the district court's reliance on a prior removal that was not charged in the indictment was error under *Apprendi* and the error was plain, we conclude that the error did not affect Campos–Herrera's substantial rights, because he admitted the date of the removal during the plea colloquy. *See Covian–Sandoval*, 462 F.3d at 1098–99. Further, in light of the admission, the error did not seriously affect the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Cotton*, 535 U.S. 625, 632–33, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). Accordingly, we conclude that relief is not warranted under the plain error standard of review. *See Covian–Sandoval*, 462 F.3d at 1098–99.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.