**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Roberto FELIX–PERAZA, Defendant— Appellant.**

No. 06–50371.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**590**

Submitted Jan. 14, 2008.*

Filed Jan. 18, 2008.

Bruce R. Castetter, AUSA, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Carey D. Gorden, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

### MEMORANDUM **

Roberto Felix–Peraza appeals from his sentence of 33 months in prison and three years of supervised release for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Felix–Peraza contends that the district court erred when it enhanced his sentence pursuant to 8 U.S.C. § 1326(b), finding that he was removed subsequent to a felony conviction. We agree. *See United States v. Covian–Sandoval*, 462 F.3d 1090, 1097–98 (9th Cir.2006), *cert. denied*, —— U.S. ——, 127 S.Ct. 1866, 167 L.Ed.2d 355 (2007). However, because Felix–Peraza did not object below, we review for plain error, and we conclude that he has not met his burden of proving that his substantial rights were affected. *See id.* at 1095.

Felix–Peraza also contends that it was structural error because the indictment did not allege that the prior removal was sub- sequent to the conviction. He is incorrect. *See Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (recognizing that § 1326(b) contains sentencing facts not elements of the offense); *United States v. Salazar–Lopez,* 506 F.3d 748, 752–55 (9th Cir.2007) (recognizing that failure to allege temporal relationship in the indictment does not amount to structural error).

In addition, Felix–Peraza contends that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), effectively has been overruled. This contention is foreclosed. *See Salazar–Lopez,* 506 F.3d at 751 n. 3. Alternatively, Felix–Peraza contends that *Almendarez–Torres* is limited to challenges to the indictment where the defendant admits the prior conviction and subsequent removal during a guilty plea. This argument also is foreclosed. *See Covian–Sandoval,* 462 F.3d at 1096–97.

Finally, Felix–Peraza contends that § 1326(b) is unconstitutional on its face because it permits the district court to increase the statutory maximum based on facts found by the judge and neither admitted by the defendant nor found by the jury. This contention also is foreclosed. *See Salazar–Lopez,* 506 F.3d at 751 n. 3.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.