**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Luis Enrique GASTELUM–HERNAN-DEZ, Defendant—Appellant.**

No. 06–50479.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008.*

Filed Jan. 18, 2008.

Lawrence E. Spong, Esq., U.S. Attorneys Office, USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Shaffy Moeel, FDSD–Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

MEMORANDUM **

Luis Enrique Gastelum–Hernandez appeals from his sentence of eight months in prison and two years of supervised release for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Gastelum–Hernandez contends that it was error for the district court to increase the statutory maximum for his sentence because the indictment did not allege that he was previously removed subsequent to his prior conviction. We agree. *See United States v. Salazar–Lopez,* 506 F.3d 748, 751 (9th Cir.2007).

Gastelum–Hernandez contends that this error is structural error. He is incorrect. *See id.* at 752–55.

Because Gastelum–Hernandez did not object below, we review for plain error, and we conclude that Gastelum–Hernandez has not met his burden of proving that his substantial rights were affected. *See United States v. Cotton,* 535 U.S. 625, 631–32, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002); *United States v. Covian–Sandoval,* 462 F.3d 1090, 1093 (9th Cir.2006), *cert. denied,* —— U.S. ——, 127 S.Ct. 1866, 167 L.Ed.2d 355 (2007).

In addition, Gastelum–Hernandez contends that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

L.Ed.2d 350 (1998), effectively has been overruled. This contention is foreclosed. *See Covian–Sandoval,* 462 F.3d at 1096–97. Alternatively, Gastelum–Hernandez contends that *Almendarez–Torres* is limited to challenges to the indictment where the defendant admits the prior conviction during a guilty plea. This argument also is foreclosed. *See Covian–Sandoval,* 462 F.3d at 1096–97.

Finally, Gastelum–Hernandez contends that § 1326(b) is unconstitutional on its face because it permits the district court to increase the statutory maximum based on facts found by the judge and neither admitted by the defendant nor found by the jury. This contention also is foreclosed. *See Covian–Sandoval,* 462 F.3d at 1096–97.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.