**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Francisco CEJA–LICEA, Defendant—
Appellant.**

**No. 06–50561.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 14, 2008.*

Filed Jan. 18, 2008.

Michael J. Raphael, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, John C. Rayburn, Jr., Esq., Sean K. Lokey, Esq., Office of the U.S. Attorney, Riverside, CA, for Plaintiff–Appellee.

Karyn H. Bucur, Attorney at Law, Laguna Hills, CA, for Defendant–Appellant.

Francisco Ceja–Licea, Adelanto, CA, pro se.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

MEMORANDUM **

Francisco Ceja–Licea appeals from his conviction and sentence of 46 months in prison and three years of supervised for illegal reentry in violation of 8 U.S.C.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

§§ 1326(a) and 1326(b)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ceja–Licea contends that the maximum sentence that could be imposed is two years because the constitutional holding of *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), is inconsistent with Supreme Court jurisprudence. This contention is foreclosed. *See United States v. Salazar–Lopez,* 506 F.3d 748, 751 n. 3 (9th Cir.2007).

Ceja–Licea contends that his admission that his prior convictions were aggravated felonies must be vacated because the district court did not inform him of the elements of an aggravated felony under Fed. R.Crim.P. 11. He further contends that the district court accepted his admission without a sufficient factual basis. This contention is foreclosed. *See United States v. Covian–Sandoval,* 462 F.3d 1090, 1096 (9th Cir.2006), *cert. denied,* — U.S. ——, 127 S.Ct. 1866, 167 L.Ed.2d 355 (2007) (prior convictions do not need to be alleged in the indictment, proven beyond a reasonable doubt or admitted by the defendant.)

Ceja–Licea also contends that one of his prior felonies is not an aggravated felony. We agree with the government that this contention need not be addressed in light of the three remaining prior convictions that Ceja–Licea does not challenge. *See* 8 U.S.C. § 1326(b)(2).

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.