UNITED STATES of America,
Plaintiff–Appellee,

v.

Bonifacio TORRES–HURTADO, aka
Seal J; et al., Defendant–
Appellant.

No. 07–50073.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 11, 2008.*

Filed Feb. 22, 2008.

Michael J. Raphael, Esq., Kevin Scott Rosenberg, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Phillip A. Trevino, Esq., Law Offices of Phillip A. Trevino, Los Angeles, CA, for Defendant–Appellant.

Before: TROTT, CLIFTON, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Bonifacio Torres–Hurtado appeals from his criminal conviction, following a guilty plea pursuant to a written plea agreement, for possession with intent to distribute cocaine. As the parties are familiar with the facts, procedural history, and arguments, we will not recount them here. We affirm.

"Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R.Crim.P. 11(b)(3). In examining Rule 11(b)(3) appeals, we have held that the inquiry is limited to evaluating whether the record establishes "that there is sufficient evidence to support the conclusion that the defendant is guilty." *United States v. Covian–Sandoval*, 462 F.3d 1090, 1093 (9th Cir.2006) (quoting *United States v. Rivera–Ramirez*, 715 F.2d 453, 457 (9th Cir.1983)). The defendant raises a challenge to the district court's Rule 11 inquiry for the first time on appeal and thus we review his claim under a plain error standard of review. *United States v. Vonn,*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

535 U.S. 55, 62–63, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002).

An examination of the record reveals a strong factual basis supporting the defendant's plea of guilty. The record before the district court included the defendant's plea agreement. This agreement contained the defendant's admission that he was "in fact guilty of this offense." The plea agreement also contained a fact-specific stipulation addressing each of the elements of defendant's crime.

At defendant's change of plea hearing, the defendant acknowledged that he signed his plea agreement. Defendant also agreed that before signing the plea agreement, he read the agreement and understood its contents. The district court then read to defendant almost verbatim the factual basis contained in the plea agreement. When asked whether the stipulated factual basis of his plea agreement was "accurate," the defendant said, "Yes." The question was not asked to elicit defendant's confirmation of the judge's ability to read, and nothing in the record supports defendant's argument that the defendant answered the question that way. Neither defendant nor his attorney said anything during the hearing to suggest that defendant was not, in fact, guilty of the crime as charged based on the factual basis described in the plea agreement. Indeed, since defendant was being assisted by a Spanish-language interpreter, the notion that defendant was being asked to critique the judge's reading is absurd.

In addition, there is ample evidence in the record aside from defendant's acknowledgment during the plea colloquy that the factual basis was accurate to support the conclusion that the defendant is guilty.

**AFFIRMED.**