**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Victor Manuel ABARCA, Defendant— Appellant.**

No. 07–50509.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 13, 2009.*

Filed Oct. 23, 2009.

Luella M. Caldito, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Charles H. Adair, Esquire, Law Offices of Charles H. Adair, San Diego, CA, for Defendant–Appellant.

Before: B. FLETCHER, LEAVY, and RYMER, Circuit Judges.

MEMORANDUM **

Victor Manuel Abarca appeals from the 70–month sentence imposed following his guilty-plea conviction for attempted entry after deportation, in violation of 8 U.S.C. § 1326(a), and false claim to United States citizenship, in violation of 18 U.S.C. § 911. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm, but remand to correct the judgment.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Abarca contends that the district court erred by applying a sentencing enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) because his prior conviction for a lewd and lascivious act on a child under 14, in violation of California Penal Code § 288(a), does not categorically qualify as a crime of violence. This contention is foreclosed by *United States v. Medina–Villa*, 567 F.3d 507, 509 (9th Cir.2009).

Abarca also contends that his sentence, in excess of two years of custody and one year of supervised release, violates his Fifth and Sixth Amendment rights because the fact of his prior conviction was neither proven to a jury nor admitted during a guilty plea. As Abarca concedes, this contention is foreclosed. *See United States v. Covian–Sandoval*, 462 F.3d 1090, 1096–97 (9th Cir.2006).

We remand the case to the district court with instructions that it delete from the judgment the reference to 8 U.S.C. § 1326(b). *See United States v. Rivera–Sanchez*, 222 F.3d 1057, 1062 (9th Cir. 2000); *see also United States v. Herrera–Blanco*, 232 F.3d 715, 719 (9th Cir.2000) (remanding sua sponte to delete the reference to § 1326(b)(2)).

**AFFIRMED; REMANDED to correct the judgment.**