**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NOEL SANDOVAL-AGUILAR,

Defendant - Appellant.

</td><td>

No. 09-50112

D.C. No. 3:08-CR-03173-LAB

MEMORANDUM[*]

</td></tr>
</table>

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted December 15, 2009[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

Noel Sandoval-Aguilar appeals from the 60-month sentence imposed

following his guilty-plea conviction for attempted entry after deportation, in

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

EH/Research

violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Sandoval-Aguilar contends that the district court procedurally erred by failing to consider sentencing disparities, that his sentence is punishment for exercising his rights, and that the district court failed to adequately explain his sentence. Sandoval-Aguilar also contends that his sentence is substantively unreasonable because it is greater than necessary in light of his mitigating factors. A review of the record demonstrates that the district court did not procedurally err, and that the sentence is substantively reasonable. *See United States v. Carty*, 520 F.3d 984, 991-93 (9th Cir. 2008) (en banc).

Finally, Sandoval-Aguilar contends, without supporting argument, that the statutory maximum for his offense is 24 months. This court has held that the statutory maximum for reentry crimes is 20 years where, as here, the defendant has received a sentencing enhancement pursuant to 8 U.S.C. § 1326(b). *See United States v. Covian-Sandoval*, 462 F.3d 1090, 1096-97 (9th Cir. 2006).

**AFFIRMED.**