NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50523 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00713-JLS |
| v. | |
| WILLIAM CALDERON-PEREZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted August 2, 2011[**]

Before:    RYMER, IKUTA, and N.R. SMITH, Circuit Judges.

William Calderon-Perez appeals from the 46-month sentence imposed
following his guilty-plea conviction for being a deported alien found in the United
States, in violation of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C.
§ 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Calderon-Perez first contends that the district court erred by mechanically applying a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A). The record shows that the district court permissibly applied the enhancement, and properly considered the factors set forth in 18 U.S.C. § 3553(a) and the totality of the circumstances. *See Kimbrough v. United States*, 552 U.S. 85, 108-11 (2007) (holding that a court may but is not required to vary from the recommendations of the Sentencing Commission even assuming that the Guideline is not based on empirical data or national experience).

Calderon-Perez next contends that the court imposed an impermissibly high sentence because it exceeded the statutory maximum established by his admissions and the Sentencing Guidelines. The district court did not err because the sentence did not exceed the statutory maximum, as established by the statute of conviction. *See United States v. Booker*, 543 U.S. 220, 756-57 (2005); *United States v. Ameline*, 409 F.3d 1073, 1077-78 (9th Cir. 2005) (en banc) (stating that *Booker* remedied the Sixth Amendment infirmity by making the Guidelines advisory); *see also Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (ruling that fact of prior conviction need not be submitted to a jury and proved beyond a reasonable doubt).

Calderon-Perez's third contention is that the district court relied upon insufficient documentation to find by clear and convincing evidence that he had in

fact committed and was convicted of the offense used to enhance the offense level in the Guidelines calculation. The uncontroverted pre-sentence report provides clear and convincing evidence that Calderon-Perez was convicted of the prior offense. *See United States v. Romero-Rendon*, 220 F.3d 1159, 1161-64 (9th Cir. 2000).

Lastly, his contentions concerning *Almendarez-Torres* are foreclosed. *See United States v. Covian-Sandoval*, 462 F.3d 1090, 1096-97 (9th Cir. 2006).

**AFFIRMED.**

10-50523