NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10409 |
| Plaintiff-Appellee, | D.C. No. 4:14-cr-01975-RM-LAB-1 |
| v. | |
| MARIO MUNIZ-MARTINEZ, AKA Oscar Flores Rodriguez, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Rosemary Marquez, District Judge, Presiding

Submitted September 14, 2016**
San Francisco, California

Before: W. FLETCHER, CHRISTEN, and FRIEDLAND, Circuit Judges.

Defendant-Appellant Muniz-Martinez was charged with attempted illegal

reentry after deportation.  Against the advice of counsel, he rejected a plea

agreement and instead pled guilty to the indictment.  He now appeals, arguing that

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the magistrate judge who presided over his plea hearing made numerous errors in violation of Rule 11 and due process. We affirm.

Defendant did not object at any time during the plea colloquy, nor did he object to the magistrate judge's report to the district judge. Review is therefore for plain error. *See United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004). To obtain reversal of a conviction based on Rule 11 error, the defendant "must show a reasonable probability that, but for the error, he would not have entered the plea." *Id.* at 83.

The district court did not plainly err in not holding a competency hearing *sua sponte*. Defendant has not presented any medical evidence of incompetence, *see United States v. Garza*, 751 F.3d 1130, 1135 (9th Cir. 2014), nor has he pointed to any evidence showing that mental incompetence is what led him to "irrationally" reject the plea agreement and instead plead to the indictment. Even if rejecting a plea agreement were irrational,[1] that alone would not provide the substantial

---

[1] Defendant provides no evidence to show that rejecting the plea agreement was irrational. The plea agreement is not part of the appellate record (nor, it appears, was it ever presented to the magistrate judge), so it is impossible to know the terms proposed. In any event, Defendant stated on the record that he believed the agreement's proposed sentence was "too high," and, absent evidence to the contrary, it was not irrational for him to believe that he might have stood a better chance of receiving a lower Guidelines calculation or lower sentence if he proceeded on an open plea, or that an open plea would allow him to preserve rights that the plea agreement would have required him to waive.

evidence necessary to find that a competency hearing should have been ordered. *See United States v. Neal*, 776 F.3d 645, 656-57 (9th Cir. 2015). The record otherwise reveals no "observable signs of incompetency during [Defendant's] proceedings such that a reasonable judge would experience genuine doubt about his competency." *Id.* at 657.[2]

Any error in failing to explain to Defendant the nature of the charge, Fed. R. Crim. P. 11(b)(1)(G), was harmless. "Taking into account both the colloquy and the complete record," there is "no indication that [Defendant] actually lacked understanding of his straightforward crime." *United States v. Covian-Sandoval*, 462 F.3d 1090, 1095 (9th Cir. 2006). At the plea hearing, the magistrate judge essentially recited the elements of the offense to Defendant, and Defendant admitted the factual basis for the plea. At sentencing, the Presentence Report stated in full detail the events underlying the offense, the district court confirmed that Defendant was able to discuss the PSR with counsel, Defendant did not object to the PSR, and he apologized for attempting to enter the United States. In the context of an "easily understood crime" like this one, the record indicates that Defendant "adequately 'possesse[d] an understanding of the law in relation to the

---

[2] Defendant also suggests that he was confused about the role of defense counsel in plea negotiations, thus manifesting incompetence. But the magistrate provided an explanation of that role, and Defendant expressed understanding. On the present record, there is no sign of any incompetence.

facts.'"  *Id.* at 1096 (alteration in original) (quoting *United States v. Portillo-Cano*, 192 F.3d 1246, 1251 (9th Cir. 1999)).  In any event, even if Defendant *were* confused about the nature of the charge, he has failed to established a "reasonable probability that, but for the error, he would not have entered the plea." *Dominguez Benitez*, 542 U.S. at 83.

The magistrate judge did not err in failing to ask Defendant if he was aware that by rejecting the plea offer, he was likely to serve more time in prison.  First, Rule 11 says nothing about instructing a defendant on the consequences of *not* accepting a *plea agreement*, particularly one that the court was never, evidently, presented with.  Second, it is not necessarily true that Defendant would serve more time in prison on an open plea.  *See* n.1, *supra*.

Although the magistrate judge did not specifically ask whether the plea was free from "force" or "threats," Fed. R. Crim. P. 11(b)(2), he did ask whether the plea was "voluntary," to which Defendant responded, "Yes."  There is otherwise nothing in the record suggesting that the plea was anything but voluntary or informed, or that asking more specific questions about threats or force would have resulted in anything other than the same plea.  Any error was therefore harmless. *See United States v. Escamilla-Rojas*, 640 F.3d 1055, 1061-62 (9th Cir. 2011).

The Government concedes that the magistrate judge violated Rule 11(b)(1)(D) by failing to advise Defendant that he had a right to appointed counsel

4

"at trial and at every other stage of the proceeding." Fed. R. Crim. P. 11(b)(1)(D). Nevertheless, Defendant fails to show how this error would have had any effect on the decision to enter the plea; nor, logically, is it evident how better understanding his right to counsel would have caused him to plead pursuant to the earlier-offered agreement rather than to the indictment.[3]

The Government also concedes that the magistrate judge violated Rule 11(b)(1)(M) by failing to advise Defendant that it is "the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a)." Fed. R. Crim. P. 11(b)(1)(M). Defendant, however, evidently *did* understand the Guidelines mechanism, as shown by his counsel's statement at the plea hearing that they had discussed his "offense level" and "criminal history," and that Defendant understood that pleading "straight-up" would not automatically cut either of those things. That Defendant failed to raise any objections at sentencing further suggests that he understood the sentencing mechanisms. And, in any event, Defendant again provides no evidentiary support for his contention that this error had any effect on his guilty plea.

---

[3] Defendant also argues that the magistrate judge should have asked about his satisfaction with his attorney. But that is not a Rule 11 requirement, and Defendant does not cite any authority that would have required such a question, particularly given that Defendant never expressed any dissatisfaction with his counsel.

Finally, the requirements of due process were met here.  *See United States v. Diaz-Ramirez*, 646 F.3d 653, 657 (9th Cir. 2011); *United States v. Minore*, 292 F.3d 1109, 1115 (9th Cir. 2002).   Defendant's constitutional claim therefore fails.[4]

**AFFIRMED**, without prejudice to Defendant's ability to bring a claim under 28 U.S.C. § 2255 on a fuller record.

---

[4] Defendant vaguely argues that the magistrate judge's errors were "exacerbated" when he made "misrepresentations" in his written recommendation to the district court.   Nothing in the record suggests how this purported error affected Defendant's decision to enter the plea.