UNITED STATES of America, Plaintiff–Appellee,

v.

Sergio HERNANDEZ–AMESCUA, a/k/a Sergio Amescua, Sergio Amezcua, Raul Hernandez, Roberto Hernandez, Sergio Amulscua Hernandez, Sergio Amezcua Hernandez, Raul Hernandez–Rodriguez, Raul Rodriguez, Defendant–Appellant.

No. 06–50238.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2008.*

Filed March 10, 2008.

Becky S. Walker, Esq., Sean K. Lokey, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Daphne Sykes Scott, Esq., Long Beach, CA, for Defendant–Appellant.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Sergio Hernandez–Amescua appeals from his 50–month sentence for illegal reentry in violation of 8 U.S.C. § 1326.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Hernandez–Amescua contends that the maximum sentence that could be imposed is two years because the constitutional holding of *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), is inconsistent with Supreme Court jurisprudence. This contention is foreclosed. *See United States v. Salazar–Lopez,* 506 F.3d 748, 751 n. 3 (9th Cir.2007).

Hernandez–Amescua also contends that his admission that his prior conviction was an aggravated felony must be vacated because the district court did not inform him of the elements of an aggravated felony under Fed.R.Crim.P. 11. He further contends that the district court accepted his admission without a sufficient factual basis. This contention is foreclosed. *See United States v. Covian–Sandoval,* 462 F.3d 1090, 1096 (9th Cir.2006), *cert. denied,* —— U.S. ——, 127 S.Ct. 1866, 167 L.Ed.2d 355 (2007) (prior convictions do not need to be alleged in the indictment, proven beyond a reasonable doubt or admitted by the defendant).

In accordance with *United States v. Rivera–Sanchez,* 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instruction that it delete from the judgment the incorrect reference to § 1326(b)(2). *See United States v. Herrera–Blanco,* 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte to delete the reference to § 1326(b)).

**AFFIRMED; REMANDED with instructions to correct the judgment.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.