**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 18 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-30369 |
| Plaintiff - Appellee, | D.C. No. 2:08-CR-00008-WFN-1 |
| v. | |
| ISIDRO IBARRA-RAYA, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, Senior District Judge, Presiding

Submitted November 3, 2009[**]
Seattle, Washington

Before: FERNANDEZ, KLEINFELD and CLIFTON, Circuit Judges.

Isidro Ibarra-Raya pled guilty to possessing more than 500 grams of cocaine

with intent to distribute it in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 841(b)(1)(B)(ii), and 18 U.S.C. § 2. He now appeals his sixty-month sentence. We affirm.

Ibarra-Raya first argues that his plea was not voluntary and intelligent because he had neither sufficient time nor sufficient command of English to understand the plea agreement and the plea hearing. Both Ibarra-Raya and his attorney said at the hearing that there had been adequate time to review the agreement, and the district court ensured that Ibarra-Raya understood what was happening at the hearing. Ibarra-Raya's choice was made with the information and understanding necessary to choose intelligently between the available alternatives, as our precedent requires. *See United States v. Hernandez*, 203 F.3d 614, 618 n.5 (9th Cir. 2000).

Ibarra-Raya also challenges the district court's compliance with Federal Rule of Criminal Procedure 11 at the plea hearing. The district court fully complied with that rule. First, despite Ibarra-Raya's assertion to the contrary, the district court did advise him of the proof-beyond-a-reasonable-doubt standard that would apply at trial. Second, the court informed Ibarra-Raya of the nature of the charge by explaining the elements of the crime and ensured that Ibarra-Raya understood them. *See United States v. Covian-Sandoval*, 462 F.3d 1090, 1095 (9th Cir. 2006). Particularly, the court made clear both that the penalty for a guilty plea could

include up to forty years' incarceration and that the court was not bound by the sentence contemplated in the plea agreement. Finally, the court satisfied itself that there was a factual basis for Ibarra-Raya's plea by determining that Ibarra-Raya's admitted conduct constituted the charged offense. *See McCarthy v. United States*, 394 U.S. 459, 467 (1969).

Ibarra-Raya's final arguments concern the district court's compliance with Federal Rule of Criminal Procedure 32 at sentencing. These arguments are unpersuasive. First, the transcript of the hearing demonstrates that the district court verified that Ibarra-Raya had reviewed the presentence report and had it read to him in Spanish. Neither Ibarra-Raya nor his attorney said that Ibarra-Raya could not understand the presentence report or that there had not been time to discuss it. The district court, as it had at the plea hearing, ensured that Ibarra-Raya understood what was happening at the sentencing hearing. Second, the transcript also shows that both Ibarra-Raya and his attorney had ample opportunity to be heard and to argue for a sentence they believed was appropriate before the district court imposed its sentence. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc).

AFFIRMED.