**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50445 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00628-ABC |
| v. | |
| MARIO SERRANO-ARREDONDO, a.k.a. Bugsly, a.k.a. Mario Serrano, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, Chief Judge, Presiding

Submitted September 13, 2010[**]

Before:     SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Mario Serrano-Arredondo appeals from his conditional guilty-plea

conviction and 46-month sentence for being an illegal alien found in the United

States following deportation, in violation of 8 U.S.C. § 1326(a). We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We affirm, but remand to correct the judgment.

Serrano-Arredondo contends that the district court's jury instructions regarding acquired citizenship violated his due process rights because they impermissibly shifted the burden of proof. The contested instructions accurately instructed the jury to consider evidence of Serrano-Arredondo's acquired citizenship when determining whether the Government met its burden of proving alienage beyond a reasonable doubt, and did not unconstitutionally shift the burden of proof. *See United States v. McKittrick*, 142 F.3d 1170, 1177 (9th Cir. 1998).

Serrano-Arredondo further argues that his sentence is unconstitutional because the district court applied an enhancement based on prior convictions that were found by the judge and were not admitted by him nor proven to a jury beyond a reasonable doubt. This argument is foreclosed. *See Almendarez-Torres v. United States*, 523 U.S. 224 (1998); *see also United States v. Covian-Sandoval*, 462 F.3d 1090, 1096-97 (9th Cir. 2006) (concluding that the district court can enhance a sentence based on its own finding of the fact of a prior felony conviction).

In accordance with *United States v. Rivera-Sanchez*, 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it

09-50445

delete from the judgment the incorrect reference to § 1326(b)(2). *See United States v. Herrera-Blanco*, 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte to delete the reference to § 1326(b)).

**AFFIRMED; REMANDED to correct judgment.**