**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50374 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-03956-BTM |
| v. | |
| LUCAS ORTEGA-LOPEZ, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Submitted April 20, 2011**

Before:    RYMER, THOMAS, and PAEZ, Circuit Judges.

Lucas Ortega-Lopez appeals from the 63-month sentence imposed following

his guilty-plea conviction for attempted re-entry after deportation, in violation of

8 U.S.C. § 1326, and fraud and misuse of an entry document, in violation of

18 U.S.C. § 1546(a).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Ortega-Lopez first contends that the district court procedurally erred by: (1) refusing to consider imposing a lower sentence in order to achieve parity with fast-track defendants; and (2) failing to adequately explain its reasons for the sentence. The record reflects that the district court considered all of the factors set forth in 18 U.S.C. § 3553(a), adequately explained the sentence, and did not otherwise procedurally err. *See United States v. Carty*, 520 F.3d 984, 991-93 (9th Cir. 2008) (en banc).

Ortega-Lopez also contends that his sentence is substantively unreasonable. The record reflects that the 63-month sentence is substantively reasonable in light of the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51-52 (2007); *see also United States v. Gonzalez-Zotelo*, 556 F.3d 736, 739 (9th Cir. 2009) ("[A] district court may not take fast-track disparities into account in sentencing under 18 U.S.C. § 3553(a)(6) because § 3553(a)(6) directs the district judge to consider only 'unwarranted' sentencing disparities.").

To the extent Ortega-Lopez challenges the constitutionality of his sentence on the ground that the statutory maximum sentence for a section 1326 violation is two years imprisonment or that his sentence was wrongly enhanced because his prior conviction was not charged in the indictment, submitted to a jury, or proved beyond a reasonable doubt, these arguments are without merit. *See United States*

*v. Contreras-Hernandez*, 628 F.3d 1169, 1174-75 (9th Cir. 2011); *see also United States v. Covian-Sandoval*, 462 F.3d 1090, 1096-97 (9th Cir. 2006).

**AFFIRMED.**