NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 5 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-50158 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-01328-DMS-1 |
| v. | |
| JESUS FELIX-HERAS, | MEMORANDUM** |
| Defendant-Appellant.* | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted February 14, 2019
Pasadena, California

Before:  FISHER and CALLAHAN, Circuit Judges, and KORMAN,*** District Judge.

Jesus Felix-Heras, a citizen of Mexico, attempted to enter the United States using a border entry card that had his photo but listed his name as Hector Francisco Choza Loperena. A border patrol agent took Felix-Heras's fingerprints and ran them

---

\*       The Clerk of Court is directed to amend the case caption as set forth above.

\*\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*\*       The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

through a computerized fingerprint database known as IDENT. The system returned a match to the fingerprints in Felix-Heras's A-file, which contained his immigration history and his photo. He was principally charged and convicted of attempted illegal reentry in violation of 8 U.S.C. § 1326 and sentenced to 46 months on that charge. We affirm his conviction but vacate and remand his sentence in part.

1. To establish that Felix-Heras was not the person named on his proffered identification, the prosecution called David Beers, a fingerprint analyst, who compared Felix-Heras's fingerprints with those found in his A-file. Felix-Heras contends that Beers's testimony was not reliable and should have been excluded under Federal Rule of Evidence 702.

"[T]he decision to admit or deny expert testimony" is reviewed "for abuse of discretion." *United States v. Reed*, 575 F.3d 900, 918 (9th Cir. 2009). In deciding whether to admit testimony, "[t]he test is not the correctness of the expert's conclusions but the soundness of his methodology." *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1044 (9th Cir. 2014) (internal quotation marks omitted).

Felix-Heras's primary contention is that Beers failed to reliably apply a specific method known as ACE-V. Putting aside the fact that Beers testified that he applied a different methodology known as the "Henry System," testimony based on "imperfect execution," as opposed to "faulty methodology," is admissible; it is

simply accorded less weight. *United States v. Chischilly*, 30 F.3d 1144, 1154 (9th Cir. 1994), *overruled on other grounds by United States v. Preston*, 751 F.3d 1008 (9th Cir. 2014); *see also City of Pomona*, 750 F.3d at 1047. Felix-Heras does not allege that either the Henry System or ACE-V are unreliable; he only criticizes Beers's application. Thus, the district court did not abuse its discretion.

2. Felix-Heras also challenges the admission of the IDENT search results. IDENT is a digital database capable of comparing fingerprints. Felix-Heras claims that because the database search was akin to a manual fingerprint comparison, the person who conducted that comparison—*i.e.*, the search algorithm designer—should have testified to avert a Confrontation Clause violation.

We review "[w]hether the district court admitted evidence in violation of the Confrontation Clause" *de novo*. *United States v. Weiland*, 420 F.3d 1062, 1076 n.11 (9th Cir. 2005). Assuming, as Felix-Heras contends, that the IDENT search algorithm undertakes an analysis functionally identical to that of a human analyst, the search output is not a statement. *See United States v. Lizarraga-Tirado*, 789 F.3d 1107, 1109-10 (9th Cir. 2015) (holding that automated placement of a digital pin on a digital map is not a statement even though a "hand-drawn" "functional equivalent" is). Moreover, the search result is not testimonial because it is not akin to an affidavit or prior testimony. *See Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 310 (2009).

3

Rather, it is a query of a data repository that may or may not contain a match. *See Williams v. Illinois*, 567 U.S. 50, 84 (2012) (plurality opinion) (holding that a DNA matching process is not testimonial); *see also Marshall v. Hedgepeth*, 2012 WL 1292493, at \*13 (E.D. Cal. Apr. 16, 2012) (holding that a different fingerprint matching system "is not itself testimonial in nature").

3. The indictment charged Felix-Heras with attempted illegal re-entry in violation of 8 U.S.C. §§ 1326(a) and (b). To be subject to Section 1326(b)'s sentence enhancing provisions, "the indictment must allege, in addition to facts of prior removal and subsequent reentry, either the date of the prior removal or that it occurred *after* a qualifying prior conviction." *United States v. Calderon-Segura*, 512 F.3d 1104, 1111 (9th Cir. 2008). Moreover, the prosecutor must prove beyond a reasonable doubt that the defendant's removal postdates a felony conviction. *See* 8 U.S.C. § 1326(b); *see also Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).

The only removal specifically alleged in the indictment is Felix-Heras's 2015 removal, which the Government concedes cannot support an enhancement in light of *United States v. Valdivia-Flores*, 876 F.3d 1201 (9th Cir. 2017). The Government asserts that Felix-Heras is nonetheless eligible for the enhanced statutory maximum under Section 1326(b) based on his 1993 removal, which the Government proved at trial with uncontroverted evidence, including a removal order and a warrant for

removal recording Felix-Heras's date of removal as December 14, 1993. We find, however, that the failure to charge the date of this 1993 removal—or at least the fact that Felix-Heras was removed "subsequent to" his 1990 or 1991 felony convictions—amounted to an *Apprendi* error.[1] *See Calderon-Segura*, 512 F.3d at 1111; *see also United States v. Rojas-Pedroza*, 716 F.3d 1253, 1262 (9th Cir. 2013) (holding that to subject a defendant to § 1326(b)'s enhanced penalties, the Government must allege in the indictment and prove at trial that defendant was removed after a particular date).

A finding of *Apprendi* error is subject to harmless error review, *Calderon-Segura*, 512 F.3d at 1111, and where, as here, the defendant failed to object, we review for plain error. *See United States v. Covian-Sandoval*, 462 F.3d 1090, 1093 (9th Cir. 2006). "To grant relief under the plain error standard, we must determine: (1) there was error, (2) that is plain, and (3) that affects substantial rights." *Id.*

The Government sufficiently proved at trial that Felix-Heras was removed in 1993, and Felix-Heras does not challenge that removal's validity on appeal. *See United States v. Zepeda-Martinez*, 470 F.3d 909, 913 (9th Cir. 2006) (holding that a

---

[1] Felix-Heras characterizes his appeal as seeking to dismiss the charged § 1326(b)(1) offense. Section 1326(b) does not define a separate offense; it is a sentence-enhancing provision. *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998); *but see Alleyne v. United States*, 570 U.S. 99, 114-15 (2013) ("When a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily forms a constituent part of a new offense and must be submitted to the jury.").

warrant showing the defendant was removed on a particular date was "sufficient alone to support a finding of removal beyond a reasonable doubt"). Because the 1993 removal could have supported an enhanced sentence under Section 1326(b), Felix-Heras's substantial rights were not affected.[2] Thus, applying a plain error standard, relief for the *Apprendi* error is unwarranted.

4. Finally, Felix-Heras challenges three conditions of his supervised release as unconstitutionally vague, *viz*. Conditions 4, 5, and 13.[3] We have already held these conditions unconstitutionally vague. *United States v. Evans*, 883 F.3d 1154, 1162-64 (9th Cir. 2018). Accordingly, they should be vacated, and the case remanded for resentencing so that the district judge can either modify these conditions to eliminate any vagueness or strike them entirely.

**AFFIRMED IN PART AND VACATED AND REMANDED IN PART**

---

[2] We grant the Government's motion to take judicial notice of Felix-Heras's 1990 and 1991 convictions. Gov't Mot. for Judicial Notice, Doc. No. 29. His 1993 removal must postdate a valid conviction to render him eligible for an enhanced sentence, *see* 8 U.S.C. § 1326(b), and Felix-Heras does not dispute the existence of his convictions. *See also United States v. Castillo-Marin*, 684 F.3d 914, 925 (9th Cir. 2012) ("[W]e take judicial notice of a fact only if it is not subject to reasonable dispute.") (quotation marks and citation omitted). Moreover, the fact of a prior conviction need not be proven to a jury. *See Almendarez-Torres*, 523 U.S. at 226-27.

[3] Condition 4 states that "defendant shall . . . meet other family responsibilities." Condition 5 states that "defendant shall work regularly at a lawful occupation . . . ." Condition 13 states that, "[a]s directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics . . . .").